IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION**<br>1875 Connecticut Avenue NW<br>Suite 650<br>Washington, DC 20009,<br><br>       Plaintiff,<br><br>   v.<br><br>**DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue NW<br>Washington DC 20530,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C. A. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief. Plaintiff seeks the expedited processing and release of records that Plaintiff requested from Defendant Department of Justice's component, the Federal Bureau of Investigation, concerning Bureau's misuse of National Security Letter authority, which was documented in a recent report from the Department of Justice Office of the Inspector General. There is no dispute that the requested records involve a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence" within the meaning of Defendant's regulations, 28 C.F.R. § 16.5(d)(1)(iv). Therefore, Plaintiff is statutorily entitled to the expedited treatment it seeks.

### Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This

Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

3.  Plaintiff Electronic Frontier Foundation ("EFF") is a not-for-profit corporation established under the laws of the State of California, with offices in San Francisco, California and Washington, DC.  EFF is a donor-supported membership organization that works to inform policymakers and the general public about civil liberties issues related to technology, and to act as a defender of those liberties.  In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

4.  Defendant Department of Justice ("DOJ") is a Department of the Executive Branch of the United States Government. DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f). The Federal Bureau of Investigation ("FBI") is a component within Defendant DOJ.

## The FBI's Abuse of National Security Letter Authority

5.  The FBI has for many years possessed limited power in certain investigations to issue National Security Letters ("NSLs"), which are demands for customer account information and transactional records from third parties such as telephone companies, Internet service providers, financial institutions, and consumer credit agencies.

6.  Signed into law shortly after the 9/11 terrorist attacks, the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001 ("PATRIOT Act") substantially expanded the FBI's preexisting legal authority to collect third-party records through NSLs.

7.  In 2005, Congress held a series of hearings on legislation to reauthorize certain provisions of the PATRIOT Act, which were scheduled to sunset at the end of that year without further congressional action.  *See* Pub. L. No. 107-56, §224, 18 U.S.C. § 2510 note.  In testimony

at one hearing leading up to the passage of the legislation, the Attorney General stated that "[t]he track record established over the past three years has demonstrated the effectiveness of the safeguards of civil liberties put in place when the act was passed. There has not been one verified case of civil liberties abuse."

8. The USA PATRIOT Improvement and Reauthorization Act of 2005, Pub. L. No. 109-177, § 119, directed the DOJ Inspector General to review "the effectiveness and use, including any improper or illegal use, of national security letters issued by the Department of Justice."

9. Pursuant to this directive, the Inspector General publicly released a 126-page report on March 9, 2007, which found extensive misuse of NSL authority in a sample of four FBI field offices during calendar years 2003-2005.

**Plaintiff's FOIA Request and Request for Expedited Processing**

10. By letter delivered by facsimile to the FBI and dated March 12, 2007, Plaintiff requested under the FOIA the following agency records (including, but not limited to, electronic records) from January 1, 2003 to the date of the request:

   A. All records discussing or reporting violations or potential violations of statutes, Attorney General guidelines, and internal FBI policies governing the use of NSLs, including, but not limited to:

      i. Correspondence or communications between the FBI and the Privacy and Civil Liberties Oversight Board concerning violations or potential violations of statutes, Attorney General guidelines, and internal FBI policies governing the use of NSLs; and

      ii. Correspondence or communications between the FBI and Department of Justice Office of the Inspector General concerning violations or potential violations of statutes, Attorney General guidelines, and internal FBI policies governing the use of NSLs;

   B. Guidelines, memoranda or communications addressing or discussing the integration of NSL data into the FBI's Investigative Data Warehouse;

   C. Contracts between the FBI and three telephone companies (as referenced in page 88 of the Inspector General's report), which were intended to allow the Counterterrorism

      Division to obtain telephone toll billing data from the communications industry as expeditiously as possible;

D. Any guidance, memoranda or communications discussing the FBI's legal authority to issue exigent letters to telecommunications companies, and the relationship between such exigent letters and the FBI's authority to issue NSLs under the Electronic Communications Privacy Act;

E. Any guidance, memoranda or communications discussing the application of the Fourth Amendment to NSLs issued under the Electronic Communications Privacy Act;

F. Any guidance, memoranda or communications interpreting "telephone toll billing information" in the context of the Electronic Communications Privacy Act;

G. Any guidance, memoranda or communications discussing the meaning of "electronic communication" in the context of the Electronic Communications Privacy Act;

H. Copies of sample or model exigent letters used by the FBI's Counterterrorism Division;

I. Copies of sample or model NSL approval requests used by the FBI's Counterterrorism Division; and

J. Records related to the Counterterrorism Division's Electronic Surveillance Operations and Sharing Unit (EOPS).

11. Also on March 12, 2007, Plaintiff delivered by facsimile to the DOJ's Director of Public Affairs a copy of EFF's FOIA request to the FBI, and formally requested that the processing of the request be expedited because it involves a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence" under 28 C.F.R. § 16.5(d)(1)(iv).

12. By letter dated March 29, 2007, the FBI acknowledged receipt of Plaintiff's FOIA request.

13. By letter dated March 30, 2007, the FBI informed Plaintiff that the Director of Public Affairs had granted Plaintiff's request for expedited processing.

14. Notwithstanding Defendant DOJ's purported decision to expedite the processing of Plaintiff's FOIA request, to date, the FBI has neither completed the processing of Plaintiff's

4

FOIA request nor informed Plaintiff of an anticipated date for the completion of the processing of the request.

15. Not only has the FBI failed to expedite the processing of Plaintiff's request, it has also exceeded the generally applicable twenty-day deadline for the processing of *any* FOIA request.

16. Plaintiff has exhausted the applicable administrative remedies.

17. Defendant DOJ has wrongfully withheld the requested records from Plaintiff.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

18. Plaintiff repeats and realleges paragraphs 1-17.

19. The FBI has wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for the processing of FOIA requests.

20. Plaintiff has exhausted the applicable administrative remedies with respect to the FBI's wrongful withholding of the requested records.

21. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

### Requested Relief

WHEREFORE, Plaintiff prays that this Court:

   A. order Defendant DOJ and its component to process immediately the requested records in their entirety;

   B. order Defendant DOJ and its component, upon completion of such expedited processing, to disclose the requested records in their entirety and make copies available to Plaintiff;

C. provide for expeditious proceedings in this action;

D. award Plaintiff its costs and reasonable attorneys fees incurred in this action;

and

E. grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ *Marcia Hofmann*
MARCIA HOFMANN
D.C. Bar No. 484136

DAVID L. SOBEL
D.C. Bar No. 360418

ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Avenue NW
Suite 650
Washington, DC 20009
(202) 797-9009

Counsel for Plaintiff

CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

## I (a) PLAINTIFFS
Electronic Frontier Foundation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **DC**
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Department of Justice

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Marcia Hofmann, Electronic Frontier Foundation
1875 Connecticut Ave. NW, Suite 650
Washington, DC 20009  (202) 797-9009

ATTORNEYS (IF KNOWN)

## II BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 2 U.S. Government Defendant
[ ] 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and <u>one</u> in a corresponding Nature of Suit)

### ☐ A. *Antitrust*
☐ 410 Antitrust

### ☐ B. *Personal Injury/ Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### [X] D. *Temporary Restraining Order/Preliminary Injunction*
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. *General Civil (Other)* OR    ☐ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ☐ G. *Habeas Corpus/2255* | ☐ H. *Employment Discrimination* | ☒ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ **530** Habeas Corpus-General<br>☐ **510** Motion/Vacate Sentence | ☐ **442** Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ **895** Freedom of Information Act<br>☐ **890** Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ **152** Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
| ☐ **710** Fair Labor Standards Act<br>☐ **720** Labor/Mgmt. Relations<br>☐ **730** Labor/Mgmt. Reporting & Disclosure Act<br>☐ **740** Labor Railway Act<br>☐ **790** Other Labor Litigation<br>☐ **791** Empl. Ret. Inc. Security Act | ☐ **441** Voting (if not Voting Rights Act)<br>☐ **443** Housing/Accommodations<br>☐ **444** Welfare<br>☐ **440** Other Civil Rights | ☐ **110** Insurance<br>☐ **120** Marine<br>☐ **130** Miller Act<br>☐ **140** Negotiable Instrument<br>☐ **150** Recovery of Overpayment & Enforcement of Judgment<br>☐ **153** Recovery of Overpayment of Veteran's Benefits<br>☐ **160** Stockholder's Suits<br>☐ **190** Other Contracts<br>☐ **195** Contract Product Liability | ☐ **441** Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
FOIA, 5 U.S.C. § 552

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A **CLASS**<br>☐ **ACTION** UNDER F.R.C.P. 23 | **DEMAND** $ | Check YES only if demanded in complaint<br>**JURY DEMAND:**   ☐ YES   ☒ NO |
|---|---|---|---|
| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | ☐ YES   ☒ NO | If yes, please complete related case form. |

**DATE**          **SIGNATURE OF ATTORNEY OF RECORD**

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

- **I.**      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

- **III.**    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

- **IV.**     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

- **VI.**     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

- **VIII.**   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.