IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. A. No. 1:07-cv-00656 (JDB) |
| ) | |
| DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Defendant, the United States Department of Justice ("DOJ"), by and through counsel, hereby answers and otherwise responds to the Complaint for Injunctive and Declaratory Relief ("Complaint"), upon information and belief as follows:

### FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this complaint because no records have been improperly withheld.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Defendant responds to the numbered paragraphs of plaintiff's Complaint as set forth below.

1. The first two sentences of this paragraph contain plaintiff's characterization of this lawsuit and are not averments of facts to which a response is required. The allegations in the third sentence are admitted. The fourth sentence contains plaintiff's request for relief to which

an answer is not required, but insofar as an answer may be deemed necessary, defendant denies that plaintiff is entitled to the relief requested or to any other relief.

## JURISDICTION AND VENUE

2.      This paragraph contains plaintiff's averments of jurisdiction and venue, to which no response is required.  To the extent that a response is deemed necessary, defendant admits the averments contained in this paragraph.

## PARTIES

3.      Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph.

4.      Defendant admits.

### Plaintiff's Averments Concerning The FBI's Alleged "Abuse of National Security Letter Authority"

5.      Defendant denies the allegations contained in this paragraph except to admit that a National Security Letter ("NSL") is a means by which the FBI may direct the production of limited transactional information in the context of authorized national security investigations from certain statutorily-defined third parties, and that the types of information that may be obtained through these letters are limited by applicable statutes to subscriber information, toll billing record information, electronic communication transactional records, and certain types of consumer reporting agency information.

6.      This paragraph contains plaintiff's characterization of the PATRIOT Act cited therein, to which no response is necessary.  Defendant respectfully refers the Court to the statute itself for a complete and accurate statement of its contents.


7. Defendant admits the first sentence, and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its contents. Defendant admits the second sentence.

8. Defendant admits, and respectfully refers the court to the statute cited for a complete and accurate statement of its contents.

9. Defendant admits publication of the report described, and respectfully refers the Court to the report itself for a complete and accurate statement of its contents.

**Plaintiff's FOIA Request and Request for Expedited Processing**

10. Defendant admits that plaintiff made the request described in this paragraph, and respectfully refers the Court to the request itself for the contents thereof.

11. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph except that defendant admits that plaintiff requested that the processing of its request be expedited on the basis that it involved a "matter of widespread and exceptional mediat interest in which there exist possible questions about the government's integrity which affect public confidence" under 28 C.F.R. § 16.5(d)(1)(iv).

12. Defendant admits.

13. Defendant admits.

14. Defendant admits.

15. This paragraph contains conclusions of law to which no response is necessary, but insofar as an answer is deemed necessary, defendant denies the allegations contained therein.

16. Defendant admits.

17. This paragraph contains conclusions of law to which no response is necessary, but

insofar as an answer is deemed necessary, defendant denies.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

18. Defendant repeats its answers in paragraphs 1-17.

19. This paragraph contains conclusions of law to which no response is necessary, but insofar as an answer is deemed necessary, defendant denies.

20. This paragraph contains conclusions of law to which no response is necessary, but insofar as an answer is deemed necessary, defendant denies.

21. This paragraph contains conclusions of law to which no response is necessary, but insofar as an answer is deemed necessary, defendant denies.

### Requested Relief

This remaining unnumbered paragraph, including subparts A through E, contain plaintiff's demands for relief to which an answer is not required, but insofar as an answer may be required, defendant denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant further denies any and all allegations in the Complaint not expressly admitted herein.

WHEREFORE, defendant prays for an order: (1) denying plaintiff's requests for relief; and (2) for such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        PETER D. KEISLER
        Assistant Attorney General

        JEFFREY A. TAYLOR
        United States Attorney

        ELIZABETH J. SHAPIRO
        Assistant Branch Director


        */s/ Elisabeth Layton*
        JOHN R. TYLER
        Senior Trial Counsel
        ELISABETH LAYTON (D.C. Bar No.462227)
        Trial Attorney
        U.S. Department of Justice, Civil Division
        P.O. Box 883, 20 Massachusetts Ave., NW
        Washington, D.C.  20044
        Telephone: (202) 514-3183
        Fax: (202) 616-8470
        elisabeth.layton@usdoj.gov

        Counsel for Defendant