IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. A. No. 1:07-cv-00656 (JDB) |
| ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**NOTICE OF FILING OF PROPOSED SCHEDULING ORDER AND SECOND
DECLARATION OF DAVID M. HARDY**

Pursuant to the Court's Minute Order of May 21, 2007 ("May 21st Order"), defendant respectfully files the following: (1) Defendant's Proposed Scheduling Order; and (2) the Second Declaration of David M. Hardy ("Second Hardy Declaration").

Pursuant to the May 21st Order, government counsel met twice with plaintiff's counsel in an effort to reach agreement on a schedule. On May 23rd, counsel met at the plaintiff's counsel's office and, on May 24th, counsel conferred telephonically. Counsel were ultimately able to agree only on one minor issue which has the potential of reducing the number of pages responsive to plaintiff's request. Counsel agreed that plaintiff's request would be interpreted to exclude any material available from public sources – e.g., newspaper articles or other publicly available materials.

Because the parties were not able to agree on a joint proposed schedule, defendant respectfully submits the attached Proposed Scheduling Order. Furthermore, pursuant to the May 21st Order, defendant submits the attached Second Hardy Declaration. In addition to setting forth the progress made in processing plaintiff's FOIA request since Mr. Hardy's first

declaration, Declaration of David M. Hardy, filed on April 24, 2007 ("First Hardy Declaration"), the Second Hardy Declaration details the significant measures taken by the Federal Bureau of Investigation ("FBI") to accomplish expedited processing of this extraordinarily voluminous request. Notwithstanding that this request will likely involve the scoping and processing of the largest volume of documents of any request received by the FBI since September 11, 2001, the FBI has made very significant staffing decisions that it expects will enable it to process the records on a rolling basis, with the first response/release to be made within 45 days of the entry date of the Proposed Scheduling Order and subsequent responses/releases made at 30 day intervals thereafter. The FBI expects – based upon its current Freedom of Information Act ("FOIA") caseload and the staffing arrangements outlined in the Second Hardy Declaration – that it will be able to process approximately 2,000 pages within each 30 day interval.[1]

    As outlined in the First Hardy Declaration, by August 24, 2007, the FBI expects to have completed its search, and therefore to be able to estimate the total number of pages of records that are potentially responsive to plaintiff's FOIA request. In addition, by that date the FBI expects to have completed processing of approximately 4,000 pages over the course of two rolling responses/releases. Accordingly, defendant respectfully submits that on or after August 24, 2007, it expects to be able to provide the Court with more detailed information about how long the FBI will need to complete processing of plaintiff's FOIA request. Defendant further submits that it would be premature to set deadlines for the filing of a <u>Vaughn</u> declaration and

---

[1] In the event that the FBI becomes unable to continue devoting the current level of resources to processing records responsive to plaintiff's request, <u>see</u> Second Hardy Decl. ¶ 13, defendant will notify plaintiff and the Court of what effect such a loss of resources might have on this schedule.

dispositive motions until a later date, when the parties know more about the number of pages at issue and can reasonably agree to a practicable schedule.

The First and Second Hardy Declarations set forth the complexity of the task of gathering, scoping, processing, and reviewing for classification the particular documents that are potentially responsive to plaintiff's request. Accordingly, defendant believes that the schedule outlined above and in the attached Proposed Scheduling Order complies with the statutory requirement that expedited processing be completed "as soon as practicable."

WHEREFORE, defendant respectfully requests that the Court enter the Proposed Order attached hereto.

                Respectfully submitted,

                PETER D. KEISLER
                Assistant Attorney General

                JEFFREY A. TAYLOR
                United States Attorney

                ELIZABETH J. SHAPIRO
                Assistant Branch Director

                */s/ Elisabeth Layton*
                JOHN R. TYLER
                Senior Trial Counsel
                ELISABETH LAYTON (D.C. Bar No.462227)
                Trial Attorney
                U.S. Department of Justice, Civil Division
                P.O. Box 883, 20 Massachusetts Ave., NW
                Washington, D.C.  20044
                Telephone: (202) 514-3183
                Fax: (202) 616-8470
                elisabeth.layton@usdoj.gov

                Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. A. No. 1:07-cv-00656 (JDB) |
| ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**[PROPOSED] SCHEDULING ORDER**

Upon consideration of the parties' submissions in this case including declarations submitted in support thereof, the representations made at the May 21, 2007 Status Conference, and the entire record herein, it is hereby

ORDERED that Defendant shall complete the processing of records responsive to Plaintiff's Freedom of Information Act ("FOIA") request on a rolling basis, at 30 day intervals, commencing within 45 days of the date of this Order, at a rate of approximately 2,000 pages processed every 30 days, until processing is complete; and it is further

ORDERED that on or after August 24, 2007, the Court will schedule a Status Conference, at which time Defendant shall inform the Court of the total number of pages responsive to Defendant's search and a further schedule shall be set.

Dated: _____, 2007    _____
                                                                                                          John D. Bates
                                                                                                          United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, ) <br> ) <br> Defendant. ) <br> ) | Civ. Action No. 07-CV-00656 (JDB) |

**SECOND DECLARATION OF DAVID M. HARDY**

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the state of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 205 employees who staff a total of ten (10) units and a field operational service center unit whose collective mission is to effectively plan, develop, direct and manage responses to requests for

access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General and FBI policies and procedures; judicial decisions and other Presidential and Congressional directives. My responsibilities also include the review of FBI information for classification purposes as mandated by Executive Order 12958, as amended,[1] and the preparation of affidavits/declarations in support of Exemption 1 claims asserted under the FOIA.[2] I have been designated by the Attorney General of the United States as an original Classification Authority and a Declassification Authority pursuant to Executive Order 12958, as amended, §§ 1.3 and 3.1. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3) Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded the March 12, 2007, FOIA request of plaintiff Electronic Frontier Foundation ("EFF") seeking access to records concerning the FBI's use of National Security Letters ("NSLs") in connection with the March 2007 report of the Office of the Inspector General, United States Department of Justice, entitled "A Review of the Federal Bureau of Investigation's Use of National Security Letters" ("OIG report"); and, more generally, internal FBI policies governing the use of NSLs. See http://www.usdoj/gov/oig/reports/FBI/index.htm.

---

[1]   60 Fed. Reg. 19825 (1995) and 69 Fed. Reg. 15315 (2003).

[2]   5 U.S.C. § 552(b)(1).

(4) This declaration is submitted in compliance with the Court's March 21, 2007 Minute Order requiring the Department of Justice ("DOJ") to supplement my April 24, 2007 declaration ("First Hardy Declaration") by "describing the current status of the Department's response to plaintiff's FOIA request . . . ."

(5) The FBI's processing of the records responsive to plaintiff's FOIA request involves seven steps:

    a. Gather records from the Offices and Divisions most likely to have responsive records.
    b. Review the retrieved records for responsiveness.
    c. Scan the records into the Freedom of Information/Privacy Act ("FOIPA") Document Processing System ("FDPS") for further electronic review.
    d. Process records through the Optical Character Recognition ("OCR") system to eliminate duplicates.
    e. Review by the Classification Unit.
    f. Review of the records for FOIA exemptions by the FOIPA Disclosure Unit.
    g. Pre-release review of the records by the originating Office or Division.

(6) The FBI contacted five offices at FBIHQ that most likely would have responsive documents. See First Hardy Declaration, ¶ 24. Three of the five FBIHQ offices contacted have submitted records for review.

(7) In the First Hardy Declaration, we estimated 41,000 pages of potentially responsive documents and 15 CD-Roms from the Inspection Division. See First Hardy Declaration, ¶ 26. As a result of additional scoping and review, the updated figures consist of approximately 35,720 pages of documents and 25 CD-Roms from the Inspection Division. The scoping (page-by-page review for potential responsiveness) of the 35,720 pages has, to date, yielded approximately 16,548 pages deemed likely to be responsive. Fifteen of the twenty-five

CD-Roms have been reviewed, one is currently being reviewed, one is damaged and needs to be repaired, three are non-responsive, and five are being reformatted to allow review.

(8) Certain of the likely responsive records gathered from the Inspection Division are ready for classification review. Specifically, approximately 1,931 pages involving Intelligence Oversight Board ("IOB") violations have been scanned, processed through the OCR, and sent to the Classification Unit. The additional Inspection Division documents identified as potentially responsive will be sent to the FBI's Interim Central Records Complex in Winchester, Virginia for high-speed scanning in to FDPS.

(9) As of this date, the Director's Office has submitted approximately 145 files and 330 e-mails. That material is currently being reviewed for responsiveness.

(10) As of this date, the Office of the General Counsel ("OGC") has submitted approximately 20,000 pages of information. That material is currently being reviewed for responsiveness.

(11) In light of the current staffing level of RIDS and current number of expedited requests and cases in litigation, the FBI will assign five full-time employees in the Classification Unit and five full-time employees in the Disclosure Unit to work on the response to plaintiff's request. I anticipate that this extraordinarily high level of staffing will enable the FBI to process approximately 2,000 pages every 30 days, at which time the FBI will produce the releasable, non-exempt pages or portions of pages to plaintiff. The first release will occur within 45 days of the entry of the Court's scheduling order.

(12) The FBI expects to complete its search for records by August 24, 2007. At that time, the FBI expects to be able to more accurately estimate the full scope of its response to

plaintiff's request, and therefore to estimate how long it will take to complete its rolling processing of documents responsive to plaintiff's request. The FBI therefore suggests that the Court review the status of the FBI's response to plaintiff's request on or after August 24, 2007.

(13)    I note that estimates contained in this declaration may be subject to modification should the FBI's current caseload or court-ordered deadlines change substantially during the course of the FBI's processing of documents responsive to plaintiff's request. If such a substantial change occurs, the FBI will inform the Court and plaintiff.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of May, 2007.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.