UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELEC. FRONTIER FOUND., <br><br> Plaintiff, <br><br> v. <br><br> DEP'T OF JUSTICE, <br><br> Defendant. | Civil Action No. 07-0656 (JDB) |

# ORDER

Plaintiff Electronic Frontier Foundation ("EFF") seeks a preliminary injunction that would require defendant United States Department of Justice ("DOJ") to process plaintiff's Freedom of Information Act ("FOIA") request within twenty days and provide a Vaughn index ten days later. The FOIA request, submitted on March 12, 2007, is for records relating to the use of National Security Letters ("NSLs") by the Federal Bureau of Investigation ("FBI"). Expedited processing of the request was sought, see 28 C.F.R. § 16.5(d)(1)(iv), and on March 30, 2007, the FBI informed plaintiff that expedited processing had been granted because of the exceptional media interest involving issues of government integrity relating to a report by the DOJ Inspector General on the FBI's use of NSLs.*

Dissatisfied with the pace of the expedited processing, plaintiff filed this action and its motion for a preliminary injunction on April 10, 2007. After full briefing of the motion, the

---

*Indeed, recent news reports concerning an ongoing internal FBI investigation into NSL abuses confirms that there is a continuing high level of public interest in this issue. See Pl.'s Suppl. Mem. in Support of Pl.'s Proposal for a FOIA Production Schedule.

-1-

Court held a conference with the parties on May 21, 2007, at which it was clear that although there remained some distance between the two sides, DOJ was expediting its processing of this request ahead of all but two other FOIA requests pending at the FBI, and EFF no longer realistically expected the degree of expedition originally sought in its motion for a preliminary injunction. The Court therefore ordered the parties to meet and confer on scheduling and to submit a joint, if possible, scheduling proposal or, more likely, competing proposals -- which the Court has now received from each side. The Court now resolves EFF's pending motion and sets a processing schedule in light of the parties' competing proposals.

    1. Expedited processing is underway at the FBI, based on the statutory directive that agencies must "process <u>as soon as practicable</u> any request for records to which [they have] granted expedited processing." 5 U.S.C. § 552(a)(6)(E)(iii) (emphasis added); <u>see also</u> 28 C.F.R. § 16.5(d)(4) ("If a request for expedited processing is granted, the request shall be given priority and should be processed as soon as practicable."). The pace and status of that expedited processing of EFF's request is described in two detailed declarations from David M. Hardy, the responsible FOIA official at the FBI. As he explains, the volume of potentially responsive material is extensive (estimated at well over 100,000 pages), and the FBI's expedited processing is extraordinary (at least ten full-time employees assigned exclusively to this request), but nonetheless the <u>search</u> for records will not even be completed until August 24, 2007. See Apr. 24, 2007, Decl. of David M. Hardy ¶¶ 26-28; May 25, 2007, Second Decl. of David M. Hardy ¶¶ 7-12. DOJ therefore proposes a rolling basis for processing under the following schedule: the first response/release 45 days from this scheduling order; further responses/releases at 30-day intervals; 2000 pages processed every 30 days; the search for records completed by August 24,

2007; a report to the Court regarding the completion of processing on August 24, 2007; and a Vaughn index and briefing schedule delayed until after that time. See Def.'s Notice of Filing of Proposed Scheduling Order and Second Decl. of David M. Hardy at 2. EFF counters with a somewhat more expedited processing proposal, also on a rolling basis: the first response/release 20 days from this scheduling order; further responses/releases at 15-day intervals; 1500 pages processed every 15 days; (presumably) a report to the Court when processing is complete; a Vaughn index 15 days after processing is complete; and DOJ's motion for summary judgment 30 days thereafter. See Notice of Filing of Pl.'s Proposal for a FOIA Production Schedule at 3-4.

    2. Some courts have used the preliminary injunction vehicle to order expedition of the processing of FOIA requests, most often where the agency has denied expedition. See Elec. Privacy Info. Ctr. v. Dep't of Justice, 416 F. Supp. 2d 30, 42 (D.D.C. 2006); Am. Civil Liberties Union v. Dep't of Defense, 339 F. Supp. 2d 501, 503 (S.D.N.Y. 2004); see also, e.g., Aguilera v. FBI, 941 F. Supp. 144, 152-53 (D.D.C. 1996) (reviewing agency's decision to deny expedition); Cleaver v. Kelley, 427 F. Supp. 80, 81-82 (D.D.C. 1976) (same). Other courts have declined to employ preliminary injunctions, finding them generally inappropriate in FOIA settings. See Elec. Privacy Info. Ctr. v. Dep't of Justice, No. 03-cv-2078, slip op. at 1-2 (D.D.C. Oct. 20, 2003), vacated as moot, 2004 WL 2713119 (D.C. Cir. 2004); Judicial Watch v. Dep't of Justice, No. 00-cv-1396, slip op. at 1-2 (D.D.C. June 27, 2000); see also, e.g., Al-Fayed v. CIA, No. 00-cv-2092, 2000 WL 34342564, at *6 (D.D.C. Sept. 20, 2000) (denying preliminary injunction filed after agency denied expedited processing); Assassination Archives & Research Ctr., Inc. v. CIA, No. 88-cv-2600, 1988 U.S. Dist. LEXIS 18606, at *1 (D.D.C. Sept. 29, 1988) (same). Certainly, the vehicle of a preliminary injunction motion is an imperfect means to address what

is, in essence, a scheduling issue.  Moreover, the possibility of overuse, or even abuse, of preliminary injunction requests in the FOIA scheduling context is obvious.  Nonetheless, where a plaintiff contends in good faith that an agency has failed to expedite processing of a FOIA request in accordance with statute or regulation -- as seems to be the case here -- the availability of an order that effectively is an injunction, preliminary or otherwise, should not be foreclosed.

       3.  Here, the Court concludes that it need not grapple with and resolve issues of the propriety of a preliminary injunction under the traditional four-factor test.  The FBI has granted expedited processing, the parties have now proposed competing but parallel expedited processing schedules that are not dramatically different, and the Court's task boils down to assessing which proposed schedule better comports with the "as soon as practicable" statutory and regulatory standard under the circumstances reflected in the record.  Upon consideration of the parties' proposals, the Hardy declarations, and that standard, the Court concludes that a schedule that is more expedited than DOJ requests, but not quite as expedited as EFF's latest proposal, is warranted under the circumstances.

       4.  Accordingly, plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**, and the following schedule is **ORDERED** for processing EFF's March 12, 2007, request:

    a.    processing, and resulting responses and releases, shall be on a "rolling basis" as agreed by EFF and DOJ;

    b.    DOJ and the FBI shall provide the first response/release within 20 days from this Order -- i.e., by not later than July 5, 2007 -- in light of the time that has already passed since filing of the Second Hardy Declaration and the parties' scheduling proposals;

    c.    subsequent responses/releases shall be provided every 30 days, given that the preparation of a response every 15 days (as suggested by EFF) would be inefficient and unduly burdensome;

    d.    the FBI shall process 2500 pages every 30 days;

    e.    the search for responsive records shall be completed by August 10, 2007, given the somewhat lower volume of potentially responsive records reflected in the representations to the Court since the first Hardy Declaration and the slightly faster pace of processing the Court is requiring;

    f.    DOJ shall file a report regarding the completion of the search for responsive records and the status of the ongoing processing of records by not later than August 14, 2007;

    g.    the parties shall, by not later than August 20, 2007, meet and confer regarding the completion of processing, the provision of a <u>Vaughn</u> index, and a summary-judgment briefing schedule; and

    h.    the parties shall file a joint scheduling proposal, or competing proposals if they cannot agree, by not later than August 24, 2007.

**SO ORDERED.**

                                         /s/ John D. Bates
                                         JOHN D. BATES
                                United States District Judge

Dated: <u>June 15, 2007</u>