IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-cv-00656 (JDB) |
| ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR CLARIFICATION,
OR, IN THE ALTERNATIVE, FOR AMENDMENT OF JUNE 15, 2007 ORDER**

In its Order dated June 15, 2007, the Court set a schedule for the expedited processing of Plaintiff's Freedom of Information Act ("FOIA") request by the Federal Bureau of Investigation ("FBI"). The Order described this schedule as "more expedited than DOJ requests, but not quite as expedited as EFF's latest proposal." June 15, 2007 Order, ¶ 3. The FBI has worked diligently to comply with the Order as well as with the statutory and regulatory requirements that it process plaintiff's expedited request "as soon as practicable," pursuant to 5 U.S.C. § 552(a)(6)(E)(iii) and 28 C.F.R. § 16.5(d)(4), and is on track to meet the first response/release date of July 5, 2007, as set by the Order. For the reasons set forth below, however, Defendant respectfully requests that the Court either clarify or amend its June 15, 2007 order to specify that by July 5, 2007 Defendant shall process 1,500 pages of records.

1. The June 15, 2007 Order sets a deadline of July 5, 2007 for the "first response/release" of records. June 15, 2007 Order at ¶ 4(b). The Order further mandates that the "processing, and resulting responses and releases, shall be on a 'rolling basis' as agreed by EFF and DOJ." Id. at ¶ 4(a). In addition, the Order specifies that "subsequent responses/releases shall

be provided every 30 days," id. at ¶ 4(c), and that "the FBI shall process 2500 pages every 30 days." Id. at ¶ 4(d). However, the Order does not specify how many pages the FBI is to process by the first response/release date of June 15, 2007. See id. at ¶4(b).

The FBI has worked diligently to process the records as soon as practicable, and anticipates that by July 5, 2007 it will have processed 1,500 pages. This number of pages is consistent with the FBI's own projections as to how fast it would be able to process the records, taking into account the extraordinary staffing assigned to this matter in an effort to process the request as soon as practicable. See 2nd Hardy Decl. ¶ 11 (anticipating that the FBI would be able to process 2,000 pages every 30 days, with the first release occurring within 45 days of the entry of a scheduling order). Because the June 15, 2007 Order is ambiguous as to the number of pages it requires the FBI to process by July 5, 2007, Defendant respectfully requests that the Order be amended to make clear that the FBI is to process 1,500 pages by this first response/release date and 2,500 pages on each subsequent response/release date every 30 days thereafter.

2.  Alternatively, in the event that the Order was intended to require the processing of 2,500 pages by July 5, 2007, Defendant respectfully requests that the Order be amended to specify that 1,500 pages must be processed by that date. This request is due to unanticipated start-up delays the FBI has encountered in processing the first set of records. See Third Declaration of David M. Hardy ("3rd Hardy Decl.") (attached hereto as Exhibit A), ¶ 7. In particular, the FBI has had to spend more time than anticipated revisiting the classification of certain pages within this first set of records. Id. Because of certain information made public by the Office of Inspector General ("OIG") Report released in March 2007, the FBI has had to re-review the classification of many of the pages within the first set of records being processed. Id.

This re-review is likely to result in the release of some pages and portions of pages that were previously considered entirely classified and would have been withheld.  3rd Hardy Decl., ¶ 7.  In order to comply with the Court's July 5, 2007 deadline, the FBI assigned overtime work to ten employees in the Classification Unit and six employees in the Disclosure Unit, which will enable the FBI to process approximately 1,500 pages by the first response/release deadline on July 5, 2007.  Id.  However, notwithstanding the extraordinary staffing arrangements made by the FBI, the FBI will not be able to process more than 1,500 pages by this first deadline.  Accordingly, in the event that the Court intended to require that 2,500 pages be processed by July 5, 2007, the FBI must respectfully request that the Order be amended in part to require that 1,500 pages be processed by July 5, 2007.

      3.      The FBI does not anticipate that the start-up delays that have affected its processing of the first set of records will affect its ongoing processing of plaintiff's FOIA request on a rolling basis.  See 3rd Hardy Decl., ¶ 8.  Defendant therefore does not foresee that the difficulties described above will affect its ability to process 2,500 pages by August 5, 2007, and 2,500 pages within each 30-day period thereafter, as specified by the June 15, 2007 Order.  See id.; June 15, 2007 Order, ¶ 4(c) & (d).

      Pursuant to Local Rule 7(m), government counsel has discussed the instant motion with Plaintiff's counsel, and has been informed that Plaintiff does not consent to the relief requested by Defendant in this motion but does not intend to file a written opposition to it.

**CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that the June 15, 2007 Order by clarified or, in the alternative, amended to specify that Defendant is required to process no more than 1,500 pages by the first response/release deadline of July 5, 2007.

Dated: June 27, 2007                  Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

JOHN R. TYLER
Senior Trial Counsel


 /s/ Elisabeth Layton
ELISABETH LAYTON (D.C. Bar No.462227)
Trial Attorney
U.S. Department of Justice, Civil Division
P.O. Box 883, 20 Massachusetts Ave., NW
Washington, D.C.  20044
Telephone: (202) 514-3183
Fax: (202) 616-8470
elisabeth.layton@usdoj.gov

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. A. No. 1:07-cv-00656 (JDB) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) | |

**[PROPOSED] AMENDED SCHEDULING ORDER**

Upon consideration of Defendant's Motion for Clarification Or, In the Alternative Amendment Of , June 15, 2007 Order, any opposition thereto, and the entire record herein, it is hereby

ORDERED that Defendant's Motion is hereby GRANTED; and it is further

ORDERED that this Court's June 15, 2007 Order is hereby clarified/amended to specify that the first response/release date, which is to be provided by the Department of Justice and the Federal Bureau of Investigation by not later than July 5, 2007, shall reflect the processing of 1,500 pages; and it is further

ORDERED that the remainder of the June 15, 2007 shall remain in effect as written.

Dated: _____, 2007    _____
                                          John D. Bates
                                          United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civ. Action No. 1:07-CV-00656 (JDB) |

## THIRD DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the state of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 203 employees who staff a total of ten (10) FBIHQ units and a field operational service center unit whose collective mission is to effectively plan, develop, direct and manage responses to requests for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order

12958, as amended; Presidential, Attorney General and FBI policies and procedures; judicial decisions and other Presidential and Congressional directives. My responsibilities also include the review of FBI information for classification purposes as mandated by Executive Order 12958, as amended,[1] and the preparation of affidavits/declarations in support of Exemption 1 claims asserted under the FOIA.[2] I have been designated by the Attorney General of the United States as an original Classification Authority and a Declassification Authority pursuant to Executive Order 12958, as amended, §§ 1.3 and 3.1. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded the March 12, 2007 FOIA request of plaintiff Electronic Frontier Foundation ("EFF"), which seeks access to records concerning the FBI's use of National Security Letters ("NSLs") in connection with the March 2007 report of the Office of the Inspector General, United States Department of Justice, entitled "A Review of the Federal Bureau of Investigation's Use of National Security Letters" ("OIG Report"); and, more generally, internal FBI policies governing the use of NSLs. See http://www.usdoj/gov/oig/reports/FBI/index.htm.

(4)     This declaration is submitted in support of defendant's motion for clarification, or in the alternative, amendment of the Order issued by the Court on June 15, 2007 ("June 15, 2007

---

[1]     60 Fed. Reg. 19825 (1995) and 69 Fed. Reg. 15315 (2003).

[2]     5 U.S.C. § 552(b)(1).

Order").

(5) In my Second Declaration, dated May 25, 2007 ("Second Hardy Declaration"), I outlined seven steps necessary for the FBI to process documents potentially responsive to plaintiff's FOIA request. See Second Hardy Declaration, ¶ 5. At that time, I estimated that by assigning five full-time employees in the Classification Unit, and five full-time employees in the FOIPA Disclosure Unit, the FBI would be able to process approximately 2,000 pages for the initial release in 45 days. See Second Hardy Declaration, ¶ 11.

(6) I have reviewed the June 15, 2007 Order, which requires the FBI to process documents on a "rolling basis," with the first processing/release date occurring not later than July 5, 2007. See June 15, 2007 Order, ¶ 4(a) & (b). The Order further instructs that the FBI must process 2,500 pages every 30 days thereafter. See June 15, 2007 Order, ¶ 4(c) & (d).

(7) Since the submission of my Second Declaration, the FBI has continued to work diligently to search, scope, review and process documents potentially responsive to plaintiff's FOIA request. However, certain unforeseen start-up delays have arisen during the first wave of processing for the July 5, 2007 release. As explained in my Second Declaration, approximately 1,931 pages involving Intelligence Oversight Board ("IOB") violations have been scanned, processed through the Optical Character Recognition ("OCR") system and have now been reviewed by the Classification Unit. See Second Hardy Declaration, ¶ 8. However, in light of certain information made public by the OIG Report, the FBI unexpectedly has had to revisit classification decisions with regard to numerous pages within this approximately 1,900-page collection. This re-review is likely to result in the release of some pages and portions of pages that were previously considered entirely classified and would have been withheld altogether. The

Classification Unit's re-review of this material has been closely followed by the Disclosure Unit's review for other applicable FOIA exemptions. In order to comply with the Court's July 5, 2007 deadline, the FBI assigned overtime work to ten employees in the Classification Unit and six employees in the Disclosure Unit, which will enable the FBI to process approximately 1,500 pages for the first response/release deadline on July 5, 2007.

(8)   Having successfully overcome start-up delays, the FBI does not anticipate any practical difficulties in complying with the order in time for the August 5 deadline and subsequent deadlines. The FBI therefore anticipates processing 2,500 pages on a "rolling basis" by August 5, 2007, and releasing to plaintiff any non-exempt documents on that date, and repeating this rolling response process within each subsequent 30-day period.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of June, 2007.

DAVID M. HARDY
Section Chief
Record/Information Dissemination
 Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.