IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:07-cv-00656 (JDB) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S STATUS REPORT PURSUANT TO JUNE 15, 2007 ORDER**

Pursuant to the Court's June 15, 2007 Order ("June 15 Order"), the Department of Justice ("DOJ") submits the following report on the status of its search for records responsive to Plaintiff's Freedom of Information Act ("FOIA") request.

1.      As set forth in the Fourth Declaration of David M. Hardy (attached as Exhibit A), the Federal Bureau of Investigation ("FBI") has been processing and releasing records to Plaintiff on a rolling basis at a rate of approximately 2,500 per month as required by the Court's 15, 2007 Order, as amended by the Court's Minute Order of 28, 2007.  4th Hardy Decl. ¶ 7.  To date, the FBI has made two such releases, on July 5, 2007 and on August 6, 2007.  Id. at fn. 1.  To date, more than 4,000 pages have been processed, and 3,572 pages have been released.  Id.

2.      The FBI is continuing to process records pertaining to Plaintiff's request.  Id. at ¶ 7.  Further, as required by the June 15 Order, the FBI completed its search for potentially responsive records by August 10, 2007.  Id. at  ¶ 5.

3.      The FBI has previously described the steps entailed in processing records responsive to plaintiff's FOIA request.  See Second Declaration of David M. Hardy, ¶ 5.  The

current status of the FBI's processing, is as follows:  Approximately 69,000 pages remain to be reviewed for potential responsiveness.  4th Hardy Decl. ¶ 7.  Of the records that have already been reviewed and found to be responsive, approximately 20,000 pages, which have already been determined to be responsive, are ready to be scanned into the Freedom of Information/Privacy Act ("FOIPA") Document Processing System ("FDPS"), id.; more than 14,500 pages are currently being reviewed by the Classification Unit, id.; and more than 7,000 pages are being reviewed by the FOIPA Disclosure Unit.  Id.  Finally, more than 2,100 pages are under review by the Offices and Divisions where the records originated, as part of the pre-release review which is the final step in the processing of responsive records.  Id.

4.      In all, the FBI anticipates processing a total of up to approximately 112,000 more pages in this case.  The FBI expects, however, that this number will decrease substantially once the 69,000 pages described above, in ¶ 3, have been reviewed for potential responsiveness.  Id. ¶ 8.  The FBI expects to complete that responsiveness review within approximately 10 months, or on or before June 16, 2008.  At that time, if not earlier, the FBI expects to be able to provide the Court with an updated estimate of how many potentially responsive pages remain to be processed and how long the processing is expected to take.  While it is difficult for the FBI to provide such an estimate at this time, given that the total of 112,000 pages likely includes substantial numbers of non-responsive or duplicate records, at the rate of processing 2,500 pages per 30-day period, the FBI would estimate that processing the remaining 112,000 pages will require approximately 45 months.  In the event that the FBI is able to complete its initial review of the approximately 69,000 pages before June 16, 2008, it intends to inform the Court and plaintiff promptly.

5.      Because of the likelihood that the number of potentially responsive pages may be

2

reduced once the records collected have been reviewed for potential responsiveness, the FBI

anticipates that within ten months, if not earlier, it will be able to revise its estimated time for

completing processing of Plaintiff's request.


Dated:  August 14, 2007                    Respectfully submitted,

                                           PETER D. KEISLER
                                           Assistant Attorney General

                                           JEFFREY A. TAYLOR
                                           United States Attorney

                                           JOHN R. TYLER
                                           Senior Trial Counsel


                                            /s/ Elisabeth Layton
                                           ELISABETH LAYTON (D.C. Bar No.462227)
                                           Trial Attorney
                                           U.S. Department of Justice, Civil Division
                                           P.O. Box 883, 20 Massachusetts Ave., NW
                                           Washington, D.C.  20044
                                           Telephone: (202) 514-3183
                                           Fax: (202) 616-8470
                                           elisabeth.layton@usdoj.gov

                                           Counsel for Defendant

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 07-CV-00656 (JDB) |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **FOURTH DECLARATION OF DAVID M. HARDY**

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section

("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation

Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002.

Prior to joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate

General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of

Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From

October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and

routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law

in the state of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 208

employees who staff a total of ten (10) FBIHQ units and a field operational service center unit

whose collective mission is to effectively plan, develop, direct and manage responses to requests

for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General and FBI policies and procedures; judicial decisions and other Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded the March 12, 2007, FOIA request of plaintiff Electronic Frontier Foundation ("EFF") seeking access to records concerning the FBI's use of National Security Letters ("NSLs") in connection with the March 2007 report of the Office of the Inspector General, United States Department of Justice, entitled "A Review of the Federal Bureau of Investigation's Use of National Security Letters" ("OIG report"); and, more generally, internal FBI policies governing the use of NSLs. See

http://www.usdoj/gov/oig/reports/FBI/index.htm.

(4)    This declaration is submitted in compliance with the Court's June 15, 2007 Order, which set a schedule for processing plaintiff's FOIA request, and required defendant to "file a report regarding the completion of the search for responsive records and the status of the ongoing processing of records by not later then August 14, 2007."

-2-

## Search for Responsive Records

(5)     The search for responsive documents was completed by August 10, 2007.  RIDS

contacted those offices or divisions at FBIHQ deemed most likely to have responsive documents.

The following offices or divisions identified and provided potentially responsive documents:

Director's Office, Inspection Division, Counterterrorism Division, Counterintelligence Division,

and Office of the General Counsel.

## Status of the Processing of Records

(6)     I have previously described the steps involved in processing the records

responsive to plaintiff's FOIA request.[1]  See Second Hardy Declaration, ¶ 5.

(7)     The FBI is processing and releasing documents on a rolling basis at a rate of

approximately 2,500 pages per month as required by the Court's June 15, 2007 Order, **and** as

amended by the Court's Minute Order of June 28, 2007.[2]  The following presents a snapshot view

of the status of the FBI's processing as of today:  Approximately 69,000 pages remain to be

reviewed for potential responsiveness.  Of the pages that have already been deemed to be

responsive, approximately 20,000 pages are ready to be scanned into the Freedom of

---

[1]     The processing of the records responsive to plaintiff's FOIA request involves the following seven steps:  (a) Gather records from the Offices and Divisions most likely to have responsive records; (b) Review the retrieved records for responsiveness; (c) Scan the records into the Freedom of Information/Privacy Act ("FOIPA") Document Processing System; (d) Process records through the Optical Character Recognition ("OCR") system to eliminate duplicates; (e) Review by the Classification Unit; (f) Review of the records for FOIA exemptions by the FOIPA Disclosure Unit; and (g) Pre-release review of the records by the originating Office or Division. See generally Second Hardy Declaration, ¶ 5.

[2]     As of this date, the FBI has made two releases:  July 5, 2007 (1,502 pages processed and 1,138 pages released in part); and August 6, 2007 (2,502 pages processed and 2,434 pages released in part).

-3-

Information/Privacy Act ("FOIPA") Document Processing System ("FDPS") for processing and disclosure of non-exempt pages or portions thereof. The Classification Unit currently has 12,625 pages to review. The FOIPA Disclosure Unit currently has 8,901 pages to review. Finally, the originating offices and divisions that provided potentially responsive records are currently reviewing a total of 1,685 pages as part of the pre-release review – which is the final step in the processing of responsive records.

(8)     Thus, the FBI could process a total of approximately 112,000 more pages in this case, which would take up to 45 months to complete. I hope, however, to significantly lower this estimate after the initial review for potential responsiveness of the approximately 69,000 pages described in paragraph 7, above. The FBI expects to finish that review in approximately ten (10) months, or on or before June 16, 2008, and will inform the Court and plaintiff on or before that date as to its completion status. In the event that the FBI is able to complete this initial review of the approximately 69,000 pages substantially before June 16, 2008, it will also inform the Court and plaintiff promptly.

(9)     As the processing of responsive documents continues, the estimates contained in this declaration may be subject to revision. The FBI will inform the Court and the plaintiff if the

foregoing estimates are substantially modified.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Executed this ___14th___ day of August, 2007.

DAVID M. HARDY
Section Chief
Record/Information Dissemination
Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.