# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION,**  ) | |
| ) | |
| **Plaintiff,**  ) | |
| ) | |
| **v.**  ) | **Civil Action No. 07-00656 (JDB)** |
| ) | |
| **DEPARTMENT OF JUSTICE,**  ) | |
| ) | |
| ) | |
| **Defendant.**  ) | |
| ) | |
| ) | |

## DEFENDANT'S STATUS REPORT PURSUANT TO AUGUST 23, 2007 ORDER

Pursuant to the Court's August 23, 2007 Order, the Department of Justice ("DOJ")

submits the following report on the status of its search for records responsive to the Plaintiff's

Freedom of Information Act ("FOIA") request.

1.  As set forth in the Fifth Declaration of David M. Hardy (attached as Exhibit A), the

Federal Bureau of Investigation ("FBI") has been processing and releasing records to Plaintiff on

a rolling basis at the rate of at least 2,500 pages per month.  Fifth Hardy Decl. ¶ 5.  To date, FBI

has made six such releases, for a total of 14,008 pages processed and 12,187 pages being released

in part.

2.  In its prior status report, the DOJ stated that approximately 69,000 pages remained to

be reviewed for potential responsiveness.  See Status Report dated August 14, 2007.  The DOJ

further estimated that it would complete the responsiveness review on or before June 16, 2008.

Id.  Fortunately, the review has proceeded faster than estimated because of the ability to review

the documents electronically and to eliminate duplicates.  Fifth Hardy Dec. ¶ 7.  In fact, the initial

review of the approximately 69,000 pages has been completed.  Id,

3.  Of the pages that have already been reviewed for responsiveness, 900 pages are ready to be scanned into the Freedom of Information/Privacy Act ("FOIPA) Document Processing System ("FDPS"), 6,857 pages are currently being reviewed by the Classification Unit, and 12,476 pages are being reviewed by the FOIA Disclosure Unit.  Fifth Hardy Dec. ¶ 8.  Finally, 6,884 pages are under review by the Offices and Divisions where the records originated, as part of the pre-release review which is the final step in the processing.  Id.

4.  Thus, the FBI will process a total of approximately 27,117 pages in this case, which will take the FBI approximately 12 months to complete.  Fifth Hardy Dec. ¶ 9.

5.  As the processing of these pages continue, these estimates are subject to revision. The DOJ will inform the Court and the plaintiff if the estimates contained herein are substantially changed.

6.  The parties have not entered into an agreement about narrowing the scope of the request.

Respectfully Submitted,

JEFFREY S. BUCHOLZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

s/Marcia K. Sowles
MARCIA K. SOWLES, DC Bar No. 369455
Senior Counsel
United States Department of Justice

-2-

Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.  Room 7108
Washington, D.C.  20530
Tel.: (202) 514- 4960
Fax: (202) 616- 8470
E-mail:  marcia.sowles@usdoj.gov

Attorneys for Defendant

**DEFENDANT'S STATUS REPORT PURSUANT TO AUGUST 23, 2007 ORDER**

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 07-CV-00656 (JDB) |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |

## FIFTH DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)    I am currently the Section Chief of the Record/Information Dissemination Section

("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation

Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002.

Prior to joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate

General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of

Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From

October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and

routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law

in the state of Texas since 1980.

(2)    In my official capacity as Section Chief of RIDS, I supervise approximately 211

employees who staff a total of ten (10) FBIHQ units and a field operational service center unit

whose collective mission is to effectively plan, develop, direct and manage responses to requests

for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order

12958, as amended; Presidential, Attorney General and FBI policies and procedures; judicial

decisions and other Presidential and Congressional directives. The statements contained in this

declaration are based upon my personal knowledge, upon information provided to me in my

official capacity, and upon conclusions and determinations reached and made in accordance

therewith.

     (3)     Due to the nature of my official duties, I am familiar with the procedures followed

by the FBI in responding to requests for information from its files pursuant to the provisions of

the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am

aware of the treatment which has been afforded the March 12, 2007, FOIA request of plaintiff

Electronic Frontier Foundation ("EFF") seeking access to records concerning the FBI's use of

National Security Letters ("NSLs") in connection with the March 2007 report of the Office of the

Inspector General, United States Department of Justice, entitled "A Review of the Federal

Bureau of Investigation's Use of National Security Letters" ("OIG report"); and, more generally,

internal FBI policies governing the use of NSLs. See

http://www.usdoj/gov/oig/reports/FBI/index.htm.

     (4)     This declaration is submitted in compliance with the Court's August 23, 2007

Order, which requires defendant to file reports "detailing the status of the ongoing processing of

Plaintiff's request." These reports must be submitted every 120 days.

     (5)     The FBI is processing and releasing documents on a rolling basis at a rate of at

least 2,500 pages per month as required by the Court's June 15, 2007 Order, and as amended by the Court's Minute Order of June 28, 2007.[1]

(6)    I have previously described the steps involved in processing the records responsive to plaintiff's FOIA request.[2] See Second Hardy Declaration, ¶ 5.

(7)    In my preceding declaration, I estimated that approximately 69,000 pages needed to be reviewed for potential responsiveness. See Fourth Hardy Declaration, ¶ 7. I also estimated that this review would be finished on or before June 16, 2008. Id. at ¶ 8. However, the review of the approximately 69,000 pages proceeded faster than anticipated because of the ability to review the documents electronically and the elimination of duplicates. The initial review of the approximately 69,000 pages for potential responsiveness therefore is complete. Accordingly, the June 16, 2008 estimated completion date for the review for responsiveness of the 69,000 pages no longer applies.

_____

[1]    As of this date, the FBI has made six releases: July 5, 2007 (1,502 pages processed and 1,138 pages released in part); August 6, 2007 (2,502 pages processed and 2,434 pages released in part); September 6, 2007 (2,500 pages processed and 2,068 pages released in part); October 5, 2007 (2,501 pages processed and 2,295 pages released in part); November 5, 2007 (2,501 pages processed and 2,067 pages released in part); and December 5, 2007 (2,502 pages processed and 2,185 pages released in part) for a total of 14,008 pages processed and 12,187 pages released in part.

[2]    The processing of the records responsive to plaintiff's FOIA request involves the following seven steps:  (a) Gather records from the Offices and Divisions most likely to have responsive records; (b) Review the retrieved records for responsiveness; (c) Scan the records into the Freedom of Information/Privacy Act ("FOIPA") Document Processing System; (d) Process records through the Optical Character Recognition ("OCR") system to eliminate duplicates; (e) Review by the Classification Unit; (f) Review of the records for FOIA exemptions by the FOIPA Disclosure Unit; and (g) Pre-release review of the records by the originating Office or Division. See generally Second Hardy Declaration, ¶ 5.

(8)     The following presents a snapshot view of the status of the FBI's processing as of today:  Of the pages that have already been deemed to be responsive, approximately 900 pages are ready to be scanned into the Freedom of Information/Privacy Act ("FOIPA") Document Processing System ("FDPS") for processing and disclosure of non-exempt pages or portions thereof.  The Classification Unit currently has 6,857 pages to review.  The FOIPA Disclosure Unit currently has 12,476 pages to review.  Finally, the originating offices and divisions that provided potentially responsive records are currently reviewing a total of 6,884 pages as part of the pre-release review – which is the final step in the processing of responsive records.  Thus, the FBI will process a total of approximately 27,117 more pages in this case.

(9)     Processing the approximately 27,117 pages (900 pages -- scanning; 6,857 pages -- classification review; 12,476 pages -- application of exemptions; and 6,884 pages -- final review) at the rate of approximately 2,500 pages per month, will take the FBI approximately 12 months to complete.

(10)    As the processing of responsive documents continues, the estimates contained in this declaration may be subject to revision.  The FBI will inform the Court and the plaintiff if the foregoing estimates are substantially modified.

(11)    The parties have not entered into an agreement about narrowing the scope of the request.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___21st___ day of December, 2007.

-4-

DAVID M. HARDY
Section Chief
Record/Information Dissemination
  Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.