IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF JUSTICE, ) <br> ) <br> ) <br> **Defendant.** ) <br> ) <br> _____ ) | Civil Action No. 07-00656 (JDB) |

**DEFENDANT'S STATUS REPORT PURSUANT TO AUGUST 23, 2007 ORDER**

Pursuant to the Court's August 23, 2007 Order, the Department of Justice ("DOJ") submits the following report on the status of its search for records responsive to the Plaintiff's Freedom of Information Act ("FOIA") request.

1. As set forth in the Sixth Declaration of David M. Hardy (attached as Exhibit A), the Federal Bureau of Investigation ("FBI") has been processing and releasing records to Plaintiff on a rolling basis at the rate of approximately 2,500 pages per month. Sixth Hardy Decl. ¶ 5. To date, FBI has made ten releases, for a total of 24,011 pages processed and 16,680 pages being released in whole or in part. Id. n. 1. The most recent release was made on April 4, 2008. Id.

2. As of April 16, 2008, the Classification Unit has finished reviewing all documents for classification. Id. ¶ 7. The Freedom of Information/Privacy ("FOIP") Disclosure Unit currently has 7,404 pages to review. Id. Finally, the originating offices or divisions that provided potentially responsive documents are currently reviewing a total of 14,816 pages as part of the pre-release review which is the final step in the processing. Id. Thus, the FBI will process a

total of approximately 14,816 more pages in this case. Id.

3. Processing these 14,816 pages at the rate of approximately 2,500 pages per month, will take the FBI approximately six months to complete. Id. ¶ 8.

4. As the processing of these pages continue, this estimate is subject to revision. The DOJ will inform the Court and the plaintiff if the estimates contained herein are substantially changed.

6. The parties have not entered into an agreement about narrowing the scope of the request.

                Respectfully Submitted,

                JEFFREY S. BUCHOLZ
                Acting Assistant Attorney General

                JEFFREY A. TAYLOR
                United States Attorney

                ELIZABETH J. SHAPIRO
                Assistant Branch Director

                s/Marcia K. Sowles
                MARCIA K. SOWLES, DC Bar No. 369455
                Senior Counsel
                United States Department of Justice
                Civil Division, Federal Programs Branch
                20 Massachusetts Avenue N.W.  Room 7108
                Washington, D.C.  20530
                Tel.: (202) 514- 4960
                Fax: (202) 616- 8470
                E-mail: marcia.sowles@usdoj.gov

                Attorneys for Defendant

4.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, ) <br> ) <br> Defendant. ) | Civ. A. No. 07-CV-00656 (JDB) |

## SIXTH DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1) I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the state of Texas since 1980.

(2) In my official capacity as Section Chief of RIDS, I supervise approximately 192 employees who staff a total of ten (10) FBIHQ units and a field operational service center unit

whose collective mission is to effectively plan, develop, direct and manage responses to requests for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General and FBI policies and procedures; judicial decisions and other Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded the March 12, 2007, FOIA request of plaintiff Electronic Frontier Foundation ("EFF") seeking access to records concerning the FBI's use of National Security Letters ("NSLs") in connection with the March 2007 report of the Office of the Inspector General, United States Department of Justice, entitled "A Review of the Federal Bureau of Investigation's Use of National Security Letters" ("OIG report"); and, more generally, internal FBI policies governing the use of NSLs. See http://www.usdoj/gov/oig/reports/FBI/index.htm.

(4)     This declaration is submitted in compliance with the Court's August 23, 2007 Order, which requires defendant to file reports "detailing the status of the ongoing processing of Plaintiff's request." These reports must be submitted every 120 days.

(5)     The FBI is processing and releasing documents on a rolling basis at a rate of at

least 2,500 pages per month as required by the Court's June 15, 2007 Order, and as amended by the Court's Minute Order of June 28, 2007.[1]

(6) I have previously described the steps involved in processing the records responsive to plaintiff's FOIA request.[2] See Second Hardy Declaration, ¶ 5.

(7) The following presents a snapshot view of the status of the FBI's processing as of today: The Classification Unit has finished reviewing all documents for classification. The FOIPA Disclosure Unit currently has 7,404 pages to review. Finally, the originating offices and divisions that provided potentially responsive records are currently reviewing a total of 7,412 pages as part of the pre-release review – which is the final step in the processing of responsive records. Thus, the FBI will process a total of approximately 14,816 more pages in this case.

(8) Processing the approximately 14,816 pages; ( 7,404 pages -- application of

---

[1] As of this date, the FBI has made ten releases: July 5, 2007 (1,502 pages processed and 1,138 pages released in part); August 6, 2007 (2,502 pages processed and 2,434 pages released in part); September 6, 2007 (2,500 pages processed and 2,068 pages released in part); October 5, 2007 (2,501 pages processed and 2,295 pages released in part); November 5, 2007 (2,501 pages processed and 2,067 pages released in part); December 5, 2007 (2,502 pages processed and 2,185 pages released in part); January 4, 2008 (2,500 pages processed and 2,140 pages released in part); February 4, 2008 (2,500 pages processed and 1,811 pages released in part); March 5, 2008 (2,500 pages processed and 1,077 pages released in part) and April 4, 2008 (2,500 pages processed and 1,465 pages released in part) for a total of 24,011 pages processed and 18,680 pages released in part.

[2] The processing of the records responsive to plaintiff's FOIA request involves the following seven steps: (a) Gather records from the Offices and Divisions most likely to have responsive records; (b) Review the retrieved records for responsiveness; (c) Scan the records into the Freedom of Information/Privacy Act ("FOIPA") Document Processing System; (d) Process records through the Optical Character Recognition ("OCR") system to eliminate duplicates; (e) Review by the Classification Unit; (f) Review of the records for FOIA exemptions by the FOIPA Disclosure Unit; and (g) Pre-release review of the records by the originating Office or Division. See generally Second Hardy Declaration, ¶ 5.

exemptions; and 7,412 pages -- final review) at the rate of about 2,500 pages per month, will take the FBI approximately 6 months to complete.

(9) As the processing of responsive documents continues, the estimates contained in this declaration may be subject to revision. The FBI will inform the Court and the plaintiff if the foregoing estimates are substantially modified.

(10) The parties have not entered into an agreement about narrowing the scope of the request.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of April, 2008.

DAVID M. HARDY
Section Chief
Record/Information Dissemination
 Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.