IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 07-656 (JDB) ) |
| **DEPARTMENT OF JUSTICE,** | ) ) |
| Defendant. | ) ) ) |

## PLAINTIFF'S MOTION TO STAY PROCEEDINGS

For the reasons set forth below, plaintiff Electronic Frontier Foundation ("EFF") respectfully moves for a stay of proceedings in this Freedom of Information Act ("FOIA") case pending issuance of new guidelines governing the FOIA by the Attorney General, as directed by President Obama on January 21, 2009. Pursuant to LCvR 7(m), counsel for EFF has conferred with counsel for defendant Department of Justice ("DOJ"), who represents that DOJ opposes the motion.

## STATEMENT OF FACTS

EFF initiated this action on April 10, 2007, seeking the disclosure of records maintained by the Federal Bureau of Investigation ("FBI") concerning the Bureau's misuse of legal power to issue National Security Letters to collect consumer records from telecommunications providers, financial institutions, and credit agencies. On June 15, 2007, the Court ordered the FBI to process 2500 pages responsive to EFF's request every 30 days and release the documents on a rolling basis. (Dkt. No. 12). The FBI completed processing in October 2008, and provided EFF a complete, Bates-labeled set of all records released on a rolling basis during the litigation in December 2008. Notice of Filing of Joint

Scheduling Proposal Pursuant to August 23, 2007 Order (Dkt. No. 21). The Court ordered the parties to submit a joint report or competing reports by January 15, 2009 to propose dates for production of a *Vaughn* index or declaration and a briefing schedule for summary judgment. July 1, 2008 Minute Order (Dkt. No. 22). Due to the many thousands of pages at issue and the press of court-ordered deadlines in other cases, EFF was unable to complete its review of the Bate-labeled documents by January 15, so the Court extended the reporting deadline to February 27, 2009. January 16, 2009 Order (Dkt. No. 24).

On January 21, 2009—his first full day in office—President Obama issued a memorandum concerning the FOIA to the heads of all Executive Branch departments and agencies. Memorandum for Heads of Executive Departments and Agencies, 74 Fed. Reg. 4683 (Jan. 21, 2009) ("Obama FOIA Memo") (attached to Declaration of Marcia Hofmann ("Hofmann Decl.") as Ex. A). The memorandum provides, *inter alia*, that "[a]ll agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA, and to usher in a new era of open Government. The presumption of disclosure should be applied to all decisions involving FOIA." *Id*.

The President also directed the Attorney General "to issue new guidelines governing the FOIA to the heads of executive departments and agencies, reaffirming the commitment to accountability and transparency, and to publish such guidelines in the Federal Register." *Id*. The new guidelines have not yet been issued; indeed, Attorney General Eric Holder did not take office until February 3, 2009.

**ARGUMENT**

EFF respectfully submits that litigating the propriety of the FBI's decision to withhold portions of the requested information would be wasteful of judicial resources prior to the issuance of the forthcoming Attorney General guidelines on FOIA compliance in the new Administration. If, as the early commentary suggests, the Obama Memo effectively reverses the Bush Administration policies under which the withholding decisions at issue here were made, prudence dictates that the responsible agency officials should be permitted to reconsider those earlier determinations in light of the new guidelines, once they are issued.

This Court has consistently recognized that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Feld Entm't, Inc. v. ASPCA*, 523 F. Supp. 2d 1, 2 (D.D.C. 2007) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)); *see also Am. Postal Workers Union v. U.S. Postal Serv.*, 422 F. Supp. 2d 240, 248 (D.D.C. 2006); *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35 (D.D.C. 2004).

Such forbearance is appropriate where, as here, there are pending administrative proceedings that may have a bearing on the disposition of the case. *See, e.g., Rohr Industries, Inc. v. Washington Metropolitan Area Transit Authority*, 720 F.2d 1319, 1325 (D.C. Cir. 1983); *Am. Postal Workers Union*, 422 F. Supp. 2d at 248-249; *Painters' Pension Trust Fund v. Manganaro Corp.* 693 F. Supp. 1222, 1224 (D.D.C. 1988) ("stays are not infrequently granted when simultaneously pending [administrative] proceedings might illuminate or resolve matters also confronting courts") (citations omitted); *Crown*

*Cent. Petroleum Corp. v. Dep't of Energy*, 102 F.R.D. 95, 98-99 (D. Md. 1984) (staying a FOIA action *sua sponte* to allow completion of administrative proceedings before the agency's Office of Hearing and Appeals).

      EFF will suffer hardship in this case if it is forced to proceed under the former Administration's FOIA policy, before the new Administration can assess whether its position will change. The newly announced "presumption in favor of disclosure" is a stark departure from previous Executive Branch policy, which was articulated in a memorandum issued by former Attorney General John Ashcroft on October 12, 2001. As DOJ's Office of Information and Privacy ("OIP") explained at the time:

> [i]n replacing the predecessor FOIA memorandum [issued by former Attorney General Janet Reno], the Ashcroft FOIA Memorandum establishe[d] a new "sound legal basis" standard governing the Department of Justice's decisions on whether to defend agency actions under the FOIA when they are challenged in court. This differ[ed] from the "foreseeable harm" standard that was employed under the predecessor memorandum.

Dep't of Justice, Office of Information and Privacy, *New Attorney General FOIA Memorandum Issued*, FOIA POST (Oct. 15, 2001) (Hofmann Decl. Ex. B). As such, the Obama Memo has already been perceived as a significant change in Executive Branch FOIA policy. *See*, *e.g.*, Hope Yen, *Advocates Praise Obama Move on Disclosure*, Associated Press (Jan. 22, 2009) (Hofmann Decl. Ex. C) ("Obama's directive . . . effectively reverses Ashcroft's memo, restoring open records laws largely to how they were interpreted during the Clinton administration."); Andrew Noyes, *Obama's FOIA Directive Brings Praise, Bit Of Skepticism*, National Journal's CongressDaily (Jan. 22, 2009) (Hofmann Decl. Ex. D) ("The announcement was an about-face from a directive by former Attorney General John Ashcroft instructing agencies to withhold information by

4

using exemptions if an argument could be made to do so.").[1] Of course, the full impact of the Obama Administration's new FOIA policy will not be known until the Attorney General issues new guidelines governing the FOIA as directed by the President.[2] Thus, it would be appropriate for the Court to stay further proceedings until the guidelines are released and the FBI has an opportunity to assess how they will affect this case, if at all.

It will also conserve judicial resources for the Court to stay further proceedings pending the Attorney General's issuance of the new guidelines. Indeed, the DOJ has agreed with EFF in another pending FOIA case that postponing proceedings until the Attorney General's guidelines are released "will serve the interest of judicial economy[.]" Joint Mot. Stay Proceedings & Amend Briefing Schedule at 3, *Electronic Frontier Foundation v. Office of the United States Trade Rep.*, No. 08-1599-RMC (Hofmann Decl. Ex. F).[3] In that case, Judge Collyer has stayed proceedings until thirty (30) days after the

---

[1] As the Associated Press observed, the Obama FOIA Memo is "the latest in a three-decade-long pingpong game with FOIA policy. In the late 1970s, Carter's attorney general, Griffin Bell, issued guidance to err on the side of releasing information. Under Reagan, William French Smith came in and reversed that; he told them, 'when in doubt withhold.' Then under Clinton, Janet Reno reversed it again; she told agencies their presumption should be for release. But Bush Attorney General John Ashcroft went back the other way in October 2001, telling agencies he would defend any legal justification for withholding documents." Hofmann Decl. Ex. C.

[2] The Director of OIP has declared that President Obama's "memorandum was effective immediately and supersedes former Attorney General Ashcroft's Memorandum on the FOIA dated October 12, 2001." The FOIA blog, *Department of Justice Email to FOIA Professionals,* http://thefoiablog. typepad.com/the_foia_blog/2009/01/department-of-justice-email-to-foia-professionals.html (Jan. 30, 2009) (Hofmann Decl. Ex. E). It thus remains unclear what, if any, guidance on FOIA implementation is currently in force pending issuance of new Attorney General guidelines.

[3] Notably, the Government in that case is represented by OIP, which "develops and provides guidance to agencies on questions relating to application of the FOIA" and "manages the Department's responsibilities related to the FOIA." Dep't of Justice, Office of Information and Privacy, http://www.usdoj.gov/oip/oip.html.

Attorney General issues the new guidelines, but no later than June 30, 2009. Collyer Order (Hofmann Decl. Ex. G).[4] A similar stay in this case will make it possible for the FBI to determine whether additional information should be released under the forthcoming Attorney General guidelines in response to EFF's requests, which will reduce the likelihood that the parties will have to litigate over the same material in the coming months.

The government will suffer no harm if the Court issues the stay requested by EFF. Indeed, a stay of proceedings will conserve agency resources. If this case is resolved before the Attorney General guidelines are issued, EFF would, of course, be free to re-submit its FOIA request to receive the benefit of the new presumption favoring disclosure, requiring the FBI to process the same material again. *See, e.g., Trans-Pacific Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1023 (D.C. Cir. 1999) ("[T]here is really nothing of substance to be gained by requiring appellants to file a new FOIA request at the administrative level; it is also clear that a new lawsuit will be costly in terms of additional time, expense, and wasted judicial resources."). Giving the government time to determine whether its positions will change under the Attorney General's forthcoming guidance will likely eliminate the need for new FOIA requests. Furthermore, as DOJ's own FOIA experts at OIP recognize, a brief delay in pending FOIA cases while awaiting issuance of the new guidelines may "possibly preclude unnecessary litigation." Hofmann Decl. Ex. F.

---

[4] Similarly, in another FOIA case pending before this Court, Judge Walton has ordered the FBI to inform the court within sixty (60) days whether its position has changed under the new FOIA policies (although it is not clear that the new Attorney General guidelines will be issued within that time period). Walton Order (Hofmann Decl. Ex. H).

## CONCLUSION

For the foregoing reasons, EFF's motion to stay proceedings should be granted.  An appropriate proposed order accompanies this memorandum.

DATED:  February 24, 2009                    Respectfully submitted,


                                             _/s/ Marcia Hofmann_
MARCIA HOFMANN
D.C. Bar No. 484136
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333

DAVID L. SOBEL
D.C. Bar No. 360418
Electronic Frontier Foundation
1875 Connecticut Avenue, N.W., Suite 650
Washington, DC 20009
(202) 797-9009

Counsel for Plaintiff