IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **DEPARTMENT OF JUSTICE,** ) <br> ) <br> Defendant. ) <br> ) | C.A. No. 07-656 (JDB) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS**

**PRELIMINARY STATEMENT**

Plaintiff moves (dkt no. 25) for the Court to stay proceedings in this litigation pending the Attorney General's issuance of new Freedom of Information Act ("FOIA") guidelines to the heads of executive departments and agencies. Plaintiff also asks the Court to require the Department of Justice ("DOJ"), after issuance of the new guidelines, to review its determinations on the approximately 41,000 pages of documents at issue here, inform the plaintiff of any changes to its prior determinations, and for the parties to jointly advise the Court of issues remaining to be resolved in this litigation. The Court, however, should deny plaintiff's motion as unnecessary and contrary to judicial economy.

**BACKGROUND**

This action relates to a Freedom of Information Act ("FOIA") request submitted by plaintiff Electronic Frontier Foundation ("EFF"), seeking disclosure of records maintained by the Federal Bureau of Investigation ("FBI") concerning the FBI's use of National Security Letters ("NSLs"). This matter first came before this Court on plaintiff's motion for a preliminary injunction requiring DOJ to process plaintiff's FOIA request within twenty days and

provide a Vaughn index ten days later.  Plaintiff had sought, and was granted, expedited processing of its FOIA request pursuant to 28 C.F.R. 16.5(d)(1)(iv).  Because plaintiff, however, was "[d]issatisfied with the pace of the expedited processing," it filed this action and a motion for preliminary injunction on April 10, 2007 – less than one month after filing its March 12, 2007 FOIA request.  See Order, June 15, 2007, at 1 (dkt. no. 13) ("June 15 Order").  The Court, granting in part and denying in part plaintiff's preliminary injunction motion, set a processing schedule, see id, with which the FBI complied.  The FBI completed its processing of the records in October 2008 and, in December 2008, provided plaintiff with a complete, Bates-labeled set of the approximately 41,000 pages of records released.  See Notice of Filing of Joint Scheduling Proposal Pursuant to August 23, 2007 Order (dkt. no. 22).  Since December 2008, DOJ has endeavored to confer with plaintiff regarding a proposed schedule for the parties to choose sample documents from among the approximately 41,000 pages of records to be addressed in a Vaughn submission, and to set deadlines for that Vaughn submission and summary judgment briefing.  Plaintiff, however, despite having demanded that all records be processed in twenty days, now declines to discuss a schedule for resolving this matter.  Instead, it seeks a stay based on nothing more than the pendency of DOJ guidelines.

On January 21, 2009, the President issued a memorandum to the heads of executive departments and agencies directing that "agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA, and to usher in a new era of open Government.  The presumption of disclosure should be applied to all decisions involving FOIA."  See Memorandum for the Heads of Executive Departments and Agencies, 74 Fed. Reg. 4683 (Jan. 21, 2009).  The President directed the Attorney General "to issue new guidelines governing the FOIA to the heads of executive departments and agencies,

reaffirming the commitment to accountability and transparency, and to publish such guidelines in the Federal Register." Id.

In light of this directive, on February 24, 2009, the plaintiff moved this Court for an order that would stay proceedings in this litigation until 30 days after the issuance of new guidelines by the Attorney General, but no later than June 30, 2009; and require that "upon issuance of the new guidelines" the defendant must review its determinations on the approximately 41,000 pages of records at issue here and that, within 30 days of the issuance of new guidelines by the Attoprney General, the parties "shall confer and advise the Court in a joint status report as to the remaining issues to be resolved and how they wish to proceed." Plaintiff's Motion to Stay Proceedings ("Plaintiff's Motion"), Proposed Order Exh. H (dkt. no. 25-11) at 1.

## ARGUMENT

A court has broad discretion to stay proceedings as part of its inherent power to control the course of proceedings. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). A stay is unwarranted in this case, however, because it would provide no clear benefit to either party, to the Court, or to the public.

There is simply no basis for concluding that the issuance of the Attorney General's guidelines would require DOJ to revisit any issues in this litigation. In this case, as in every case, the government intends to proceed pursuant to the principles expressed in the President's January 21, 2009 memorandum on the FOIA, and also with due regard for personal privacy interests, as well as the legitimate confidentiality interests of the Executive Branch and the

3

national security interests of the United States.  See  Ctr. For Nat'l Sec. Studies v. U.S. Dept. of Justice, 331 F.3d 918, 925 (D.C. Cir. 2003) (the FOIA must strike a balance "between the public's right to know and the government's legitimate interest in keeping certain information confidential").  Applying these principles does not mandate a halt to ongoing FOIA litigation. That the Attorney General's guidelines might be relevant to any of the records at issue in this case is speculative at best, and a stay is not required in any event in order to allow an agency to revisit particular withholdings or to exercise its discretion in releasing certain information.

   Plaintiff's claim that it will suffer hardship if forced to proceed without a stay is unsupported and unconvincing, particularly from a party that came into court seeking a preliminary injunction one month after filing its initial FOIA request.  See June 15 Order at 1. When plaintiff brought this lawsuit, nearly two years ago, plaintiff was dissatisfied with the pace with which the FBI was processing of its request, even though DOJ had granted plaintiff's request for expedited processing.  Plaintiff now asks this Court to believe that EFF will suffer some unspecified hardship unless this case is stayed pending the Attorney General's issuance of new guidelines.

Similarly unconvincing is plaintiff's claim that it would conserve judicial resources for the Court to grant a stay.  Plaintiff offers in support of that claim an example of a district court granting a stay similar to that sought by plaintiff in Electronic Frontier Foundation v. Office of the United States Trade Representative, No. 08-1599-RMC (D.D.C.).  That case is distinguishable from the instant case, however, because, in the case before Judge Collyer, the United States Trade Representative had not yet completed processing the plaintiff's FOIA request and needed additional time,  and therefore agreed to jointly request a stay.  See Plaintiff's Motion, Exh. H at 1 (order granting parties' joint motion).  Here, however, the FBI

has long since completed the arduous task of processing approximately 41,000 pages of records on an expedited basis. The FBI expended considerable resources not only in expediting this request, but also in complying with the rigorous schedule set by the Court in response to plaintiff's preliminary injunction motion. Accordingly, this litigation should continue forward toward conclusion in a timely manner rather than lingering on this Court's docket for additional time based on plaintiff's speculation that the Attorney General's new guidelines might affect this case.

On February 27, 2009, DOJ submitted to the Court a proposed schedule for the parties to agree on a sample of the approximately 41,000 pages of records; for DOJ to file a <u>Vaughn</u> submission; and for the parties to brief dispositive motions. DOJ respectfully submits that plaintiff's motion for a stay should be denied and DOJ's proposed schedule should be entered.

## **CONCLUSION**

For the reasons above, the Court should deny the plaintiff's motion for a stay.

Dated: March 10, 2009						Respectfully submitted,

                                          MICHAEL F. HERTZ
                                        Acting Assistant Attorney General

                                          JEFFREY A. TAYLOR
                                          United States Attorney

                                          ELIZABETH J. SHAPIRO
                                          Deputy Director


                                          */s Elisabeth Layton*
                                          ELISABETH LAYTON
                                          Trial Attorney
                                          United States Department of Justice
                                          Civil Division, Federal Programs Branch
                                          20 Massachusetts Ave. NW
                                          Washington, D.C.  20530
                                          Telephone: (202) 514-3183
                                          Fax: (202) 616-8470
                                          E-mail: Elisabeth.Layton@usdoj.ogv

                                          Counsel for Defendant