**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ELECTRONIC FRONTIER FOUNDATION,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-656 (JDB) |
| | ) | |
| **DEPARTMENT OF JUSTICE,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY IN SUPPORT OF
PLAINTIFF'S MOTION TO STAY PROCEEDINGS**

Plaintiff Electronic Frontier Foundation ("EFF") has moved for a stay of proceedings in this Freedom of Information Act ("FOIA") litigation pending issuance of new guidelines governing the FOIA by the Attorney General, as directed by President Obama on January 21, 2009. Defendant Department of Justice ("DOJ") disputes that a stay is appropriate. We respectfully submit this reply to respond to the defendant's opposition.

First, DOJ complains a stay is unwarranted because "[t]here is simply no basis for concluding that the issuance of the Attorney General's guidelines would require the DOJ to revisit any issues in this litigation," since it is "speculative at best" that the forthcoming guidelines "might possibly be relevant to any of the records at issues in these cases." Def. Opp. to Pl. Mot. Stay Proceedings at 3-4 (Dkt. No. 28) (hereafter "Def. Opp."). That, however, is precisely the point – in the absence of any harm that might result from the requested stay, the interests of judicial economy would be best served by awaiting the issuance of the guidelines to determine whether they *do* effect the disposition of the material at issue here. Considering the fact that the FBI took more than a year and a half to process EFF's FOIA request, *see* Def. Opp. at 2, a short stay will not unduly delay the case

at this point. Notably, the DOJ has not even attempted to explain how it would be injured or even inconvenienced by a relatively brief postponement of proceedings. The stay EFF seeks is appropriate under these circumstances.

Second, the government claims that it agreed to a stay in *Electronic Frontier Foundation v. Office of the United States Trade Rep.*, No. 08-1599-RMC (D.D.C.), only because "the United States Trade Representative had not yet completed processing the plaintiff's FOIA request and needed additional time[.]." Def. Opp. at 4. This assertion blatantly misrepresents the status of that litigation. As the joint motion to stay clearly states, the United States Trade Representative "completed its processing of plaintiffs' FOIA request and provided a final response to plaintiffs on January 16, 2009," two weeks *before* the parties agreed that a stay would "serve the interest of judicial economy and possibly preclude unnecessary litigation." Joint Mot. Stay Proceedings & Amend Briefing Schedule at 2-3, *Electronic Frontier Foundation v. Office of the United States Trade Rep.*, No. 08-1599-RMC (Declaration of Marcia Hofmann in Support of Mot. Stay Proceedings ("Hofmann Decl.") Ex. F) (Dkt. No. 25-7). In fact, the posture of this lawsuit is identical to that in *Electronic Frontier Foundation v. Office of the United States Trade Rep.* In both cases, the government has finished processing the records responsive to the FOIA request, but has not yet moved for summary judgment.  The government has offered no explanation why it believes a stay is appropriate in that case, but not here.

Finally, there is good reason to believe that the Attorney General's forthcoming guidelines will affect the scope of the government's claimed withholdings in this case. President Obama's January 21, 2009 memorandum instructed agencies to apply a "presumption of disclosure" when making decisions about FOIA withholdings, which may

signal a return to the Clinton-era FOIA policy. *Compare* President Barack Obama, Memorandum for Heads of Executive Departments and Agencies (Jan. 21, 2009) (Hofmann Decl. Ex. A) (Dkt. No. 25-2) and Attorney General Janet Reno, Memorandum for Heads of Executive Departments and Agencies (Oct. 4, 1993) (Supplemental Declaration of Marcia Hofmann ("Supp. Hofmann Decl.") Ex. 1). If the Attorney General's guidelines implement the commitment to openness and transparency expressed by President Obama, we anticipate the FBI may change its position on some information currently redacted.  *See* Major Calvin N. Anderson and Major Lawrence M. Anderson, *Freedom of Information Act: Not So Free Anymore*, THE REPORTER, Dec. 2001, at 10 (Supp. Hofmann Decl. Ex. 2) (Air Force attorneys noting that the shift from the Clinton-era Reno policy to the Bush-era Ashcroft policy would result in greater withholding pursuant to Exemptions 2 and 5). The Obama Administration's new FOIA policy may have a significant impact in this case, particularly because the FBI has withheld a considerable amount of material under Exemptions 2 and 5.

## CONCLUSION

    For the foregoing reasons, and those set forth in EFF's initial submission, plaintiff's motion to stay proceedings should be granted.

DATED:  March 17, 2009                              Respectfully submitted,


                                                       */s/ Marcia Hofmann*
                                                       MARCIA HOFMANN
                                                       D.C. Bar No. 484136
                                                       Electronic Frontier Foundation
                                                       454 Shotwell Street
                                                       San Francisco, CA 94110
                                                       (415) 436-9333

DAVID L. SOBEL
D.C. Bar No. 360418
Electronic Frontier Foundation
1875 Connecticut Avenue, N.W., Suite 650
Washington, DC 20009
(202) 797-9009

Counsel for Plaintiff