IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-656 (JDB) |
| | ) |
| **DEPARTMENT OF JUSTICE,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**JOINT STATUS REPORT**
**PURSUANT TO MARCH 24, 2009 ORDER**

This action relates to a Freedom of Information Act ("FOIA") request submitted by plaintiff Electronic Frontier Foundation ("EFF"), seeking disclosure of records maintained by the Federal Bureau of Investigation ("FBI") concerning the FBI's use of National Security Letters ("NSLs").

By Order dated March 24, 2009, the Court denied plaintiff's motion to stay this litigation pending issuance of new guidelines governing FOIA from the Attorney General, as directed by President Obama on January 21, 2009. As noted in the Court's March 24, 2009 Order, the Attorney General published the new FOIA guidelines on March 19, 2009. See Attorney General Memorandum, attached hereto as Exhibit A. In its March 24, 2009 Order, the Court ordered the Department of Justice (DOJ) to "consistent with the Attorney General's memorandum, evaluate whether the new FOIA guidelines affect the scope of its disclosures and claimed withholdings in this case;" and further ordered the parties to "meet and confer and file a joint status report regarding DOJ's evaluation of its disclosures and claimed withholdings in light of the new FOIA guidelines, production of a Vaughn index or declaration, and a briefing schedule for dispositive motions." The parties have conferred several times in an unsuccessful effort to reach agreement.

The parties' responses and positions in response to the Court's March 24, 2009 order are set forth below:

**Defendant's Report**

1.In response to the first portion of the March 24, 2009 Order, DOJ has determined that, consistent with the Attorney General's new FOIA guidelines (see Exhibit A), it is appropriate for this litigation to move forward with selection of a sample from among the approximately 40,000 pages of records at issue, production of a Vaughn index or declaration, and briefing of cross-motions for summary judgment.

2.In response to the second portion of the March 24, 2009 Order, counsel for the parties have conferred but have not yet been able to reach agreement on a schedule for selecting a sample from among the 40,000 pages of records at issue, production of a Vaughn index or declaration, and briefing cross-motions for summary judgment.

DOJ believes that an appropriate schedule would be as follows:

(1) By **June 30, 2009,** Plaintiff shall select 300 pages of records to be used as part of the sample for purposes of a Vaughn declaration;

(2) By **September 30, 2009**, Defendant shall select 100 pages of records to complete the sample for purposes of Vaughn declaration, with particular emphasis on providing samples of documents withheld in full as well as documents representative of FOIA exemptions which are not represented among the 300 pages chosen by plaintiff;

(3) By **September 30, 2009**, Defendant shall serve its Vaughn declaration and motion for summary judgment;

(4) By **October 30, 2009**, Plaintiff shall serve its combined cross-motion for summary judgment (if any) and opposition to defendant's motion;

(5) By **November 30, 2009**, Defendant shall serve its combined reply in support of its motion for summary judgment and opposition to plaintiff's motion for summary judgment (if any);

(6) By **December 30, 2009**, Plaintiff shall serve its reply in support of its motion for summary judgment (if any).

DOJ does not believe that a status conference is necessary at this time. Should EFF have concerns to raise regarding the scope of DOJ's disclosures and claimed withholdings, it may address such concerns in its summary judgment briefing. See, e.g., Electronic Frontier Foundation v. Dep't of Justice, No. 06-1709, Minute Order (Kollar-Kotelly, J.) (May 29, 2009) (attached as Exhibit B) (denying EFF's request for a status conference and noting that "Plaintiff may raise its concerns, as expressed in the Joint Status Report, in its dispositive motions briefing, as it deems appropriate").

## Plaintiff's Report

Based upon DOJ's representations, EFF does not believe the agency has complied with the requirements of the Court's March 24, 2009 order. The parties have been unable to agree on an appropriate course of action for further proceedings in this case. EFF therefore requests that the Court schedule a status conference.

Dated: June 2, 2009                                         Respectfully submitted,


*/s Marcia Hofmann*                                         TONY WEST
Marcia Hofmann                                              Assistant Attorney General
D.C. Bar No. 484136
ELECTRONIC FRONTIER FOUNDATION                              CHANNING D. PHILLIPS
454 Shotwell Street                                         United States Attorney
San Francisco, CA 94110
Telephone: (415) 436-9333                                   ELIZABETH J. SHAPIRO
Facsimile: (415) 436-9993                                   Deputy Director

David L. *Sobel*                                            */s Elisabeth Layton*
D.C. Bar No. 360418                                         ELISABETH LAYTON
ELECTRONIC FRONTIER FOUNDATION                              D.C. Bar No. 462227
1875 Connecticut Ave. NW                                    Trial Attorney
Suite 650                                                   United States Department of Justice
Washington, DC 20009                                        Civil Division, Federal Programs Branch
Telephone: (202) 797-9009 x104                              20 Massachusetts Avenue, N.W.
Facsimile: (202) 797-9066                                   Washington, DC  20530
                                                            Tel: (202) 514-3489
*Attorneys for Plaintiff*                                   Fax: (202) 616-8470

                                                            *Attorneys for Defendant*