To:  All Field Offices   From:  General Counsel
Re:  66F-HQ-A1255972, 10/01/2003

types of records requested, and provides available identifying
information so that the consumer reporting agency can process the NSL
request.

        Credit report requests should include all available
identifying information to facilitate the consumer reporting agency's
records search. Typically, such identifying information includes:
name, social security number, and date of birth.  Unlike in some
other NSLs, there is no need to specify a date range for credit
report requests because these reports are comprehensive and not
limited in time.  Moreover, the request will be asking for not only
the consumer report of a consumer but "all other information in a
consumer's file," as is provided for by the statute.

        The second paragraph of every NSL contains the statutorily
required certification language.  With respect to credit report NSLs,
the certification should state that "the consumer report and all
other information in a consumer's file  is necessary for the FBI's
conduct of an investigation of, or intelligence or
counterintelligence activities or analysis related to, international
terrorism."

        The next paragraph sets forth an admonition to the
consumer reporting agency receiving the NSL, warning that no officer,
employee, or agent of the agency may disclose to any other person, or
specify in any consumer report, that the FBI has sought or obtained
access to the requested information or records.

        The last substantive paragraph instructs the agency point
of contact to provide the records personally to a representative of
the delivering field division and not to send the records through the
mail nor disclose the substance of the request in any telephone
conversation.  It also states that any questions should be directed
to the delivering field division.

        Finally, the NSL is an unclassified document because it
does not detail the specific relevance of the requested records to an
authorized FBI investigation.  There is no need to classify the NSL
when attaching it to the cover EC.  However, NSLs should never be
transmitted to a consumer reporting agency via an unsecured means.

        When preparing an NSL request, the field should use the
attached model NSL.

        B. The Cover EC

        The Cover EC serves three essential functions in the
credit report NSL process:  (1) it documents the predication
for the NSL by recording why the information sought is

6

To: All Field Offices   From:  General Counsel
Re:  66F-HQ-A1255972, 10/01/2003

necessary to an international terrorism [                    ]   b2 -1
(2) it documents the approval of the NSL by relevant            b7E -1
supervisors and the legal review of the document; and (3) it
transmits the NSL to the requesting squad or delivering field
division for delivery to the appropriate consumer reporting
agency.  When preparing an NSL request, the field should use
the attached model EC.

### 1. Field Descriptors

        This section will generally explain how most of the
EC field descriptors should be completed.  The **"Precedence"**
descriptor will typically be "ROUTINE."  The **"Date"** descriptor
should reflect the date the NSL and the EC were approved.  The
**"To"** descriptor will always include "General Counsel" and the
requesting squad's field division.  It will also include the
name of the delivering field division (which will be [        ]
[        ] in the case of credit report NSLs directed [        ]
[        ]           field office for NSLs directed [        ] and
                     field office for NSLs directed [        ] and      b2 -1
the office of origin, if applicable.  In addition, it will             ·b7E -1
include the Counterterrorism Division.  The **"Attn"**                  b7D -1
descriptor should include the Deputy General Counsel, NSLB;            b4
the squad supervisors and case agents from the requesting
squad, delivering field division (which will be [        ]
[        ]           in the case of NSLs directed [        ] the IA
squad [        ]     for NSLs directed [        ] and the IT
Squad [        ]     for NSLs directed [        ] and office of
origin, if applicable and if known.  The **"From"** descriptor
should identify the certifying official's field division and
include the title of the certifying official.  The **"Contact"**
descriptor should reflect the name and phone number of the
requesting squad case agent.

        The **"Approved By"** descriptor should reflect the name
of the approving officials.  Prior to certification, every
credit report NSL and cover EC issued by the field division
should be reviewed by the squad supervisor, the Office of the
Chief Division Counsel, and the SAC.  CDCs reviewing the NSL
packages should use the checklist provided with this
communication to ensure legal sufficiency.  The last step in
the approval process occurs when the certifying official
(Deputy Director, EAD for
Counterterrorism/Counterintelligence, Counterterrorism ADs and
DADs, General Counsel, Senior Counsel for National Security
Affairs, Deputy General Counsel for National Security Affairs,
New York, Washington, D.C., and Los Angeles ADICs, and SACs)
personally signs the NSL and initials the EC.  Certifying
officials may not further delegate signature authority.

·7

To: All Field Off___es   From: General Counsel
Re: 66F-HQ-A1255972, 10/01/2003

      The "**Drafted By**" descriptor should reflect the name
of the person who prepared the NSL package. The "**Case ID #**"
descriptor must contain the case file number relevant to the
request, and the Headquarters case file number 66F-HQ-C1213150
assigned to NSLs directed to consumer reporting agencies. It
should also include the case file for NSLs of the delivering
office. (For the _____, which delivers NSLs to
_____, for the
_____field office, which delivers NSLs_____
_____. The "**Title**" descriptor
should list the name of the subject of the international
terrorism investigation to which the credit report request
pertains (even if the subject of the credit report request is
someone other than the subject of the investigation), any
known aliases, the fact that this is an IT investigation and
directed at a particular foreign power, if applicable, and
identify the office of origin. The "**Synopsis**" descriptor
should use boilerplate language that the EC "approves the
issuance of one credit report National Security Letter (NSL)
pursuant to 15 U.S.C. §1681v; sets a lead and provides
reporting data to NSLB; and transmits the NSL to FBI
[Delivering Division] for delivery to [the credit reporting
agency]." The "**Derived From**" descriptor should be "**G-3**" in
bold typeface. The "**Declassify On**" descriptor should be "**X1**"
in bold typeface. The "**Full Investigation Instituted**"
descriptor should state the date _____ investigation was
opened on the subject, and indicate whether the subject is a
U.S. person. If the subject of the investigation is not the
person to whom the credit report pertains, further state
whether that person is a U.S. person.

      Assuming that there is an enclosure, namely the
National Security Letter, the next section of the EC, entitled
"**Enclosure**" should describe the enclosure, that is, an
original and copy of a letter dated [MM/DD/YYYY] addressed to
[consumer reporting agency POC and address] requesting the
consumer report and all information in the consumer's file of
[name of subject of request].

     2. <u>Predication and Relevance</u>

      The next section of the EC is the "**Details**" section.
A credit report NSL under 15 U.S.C. §1681v may be issued upon
a certification that the credit report is necessary for the
FBI's conduct of an authorized investigation of, or
intelligence or counterintelligence activities or analysis
related to, international terrorism. Accordingly, the first
paragraph in the "**Details**" section of the EC should contain
the predication _____

b2 -1
b7E -1
b7D -1
b4

b2 -1
b7E -1

To: All Field Offices   From: General Counsel
Re: 66F-HQ-A1255972, 10/01/2003

_____ and specify the necessity of the requested         b2 -1
credit report to the investigation.  Both the predication and      b7E -1
necessity should be stated clearly and concisely.

```



```
                                                                    b2 -1
      —— The necessity requirement ties the requested records       b7E -1
to the appropriate investigation.  For example, necessity
could be established by stating,

### 3. Standard Language

      What follows, still within the **"Details"** section, is
standard language required in every EC seeking a credit report
NSL.  It is the same standard language (adjusted for the fact
that different information is sought under 15 U.S.C. §1681v)
used in the model NSL seeking financial institution
information and identifying information from consumer
reporting agencies under 15 U.S.C. §1681u:

          This electronic communication
     documents the [title of person approving
     the NSL]'s approval and certification of
     the enclosed NSL.  The enclosed NSL seeks a
     consumer report and all other information
     in the consumer's file.

          A representative of the [relevant       b2 -1
     FBI office, e.g.                              b7E -1
     who has liaison with the consumer reporting   b7D -1
     agency should deliver the letter to [name     b4
     of POC at agency].

          On August 27, 2003, the Director
     delegated the official signing the enclosed
     letter authority to make the required
     certification.

          [The relevant FBI office] should
     remind the consumer reporting agency that,

9

NSL VIO-2499

under 15 U.S.C. §1681v(c), it is prohibited
from disclosing that the FBI has sought or
obtained access to this information.

Arrangements should be made with
the consumer reporting agency to produce
the records personally to an employee of
[the relevant FBI office].  The agency
should neither send the records through the
mail nor utilize the name of the subject of
the records in any telephone calls to the
FBI office.  The agency should not contact
FBIHQ directly in any matter.

Any questions regarding the above
can be directed to [Drafting Division],
Attention: [name of case agent and phone
number]

### 4. Leads

On occasion, the squad requesting the NSL will be
able to hand-carry the NSL to the consumer reporting agency
point of contact.  However, more often, the field division
drafting the NSL will have to get it delivered by one of the
field divisions located in the area where the consumer
reporting agency is located.  In these situations, the
drafting division should identify the squad and personnel, if
known,  at the delivering field division who will be
responsible for delivering the NSL.  In the event that the
office of origin is different than either the drafting
division or delivering division, the person drafting the NSL
package should ensure that the case agent from the office of
origin receives a copy of the package.  The first lead in the
EC should direct the requesting squad or delivering field
division to deliver the attached NSL.  If the delivering
division is different than the drafting division or the office
of origin, then this first lead should also request the
delivering division to submit the results to the drafting
division and/or the office of origin.

Although the FBI is not required to report credit
report NSLs to Congress, NSLB will still maintain a record of
such requests.  To ensure that NSLB receives sufficient
information to maintain a record of these NSLs and possibly
report to Congress, it is crucial that the person preparing
the NSL package follow the NSL and EC models very carefully.
The second lead in every model EC requests NSLB to "record the
appropriate information as is needed."  NSLB will be able to

To: All Field Offices   From:  General Counsel
Re:  66F-HQ-A1255972, 10/01/2003

compile the data provided that the cover EC includes the case
file number, the subject's U.S. person status, and the number
of consumer reports being requested in the NSL. Once NSLB has
entered this reporting data into its NSL database, it will
clear the lead set in the cover EC.

4. <u>NSL Preparation Assistance</u>

        Some field divisions may, for a variety of reasons,
opt not to exercise their delegated authority to issue NSLs.
Some field divisions may not have an SAC but rather only an
ASAC or an acting SAC, neither of whom have delegation
authority.  Further, other field divisions may exceed their
capacity to issue NSLs and seek assistance in handling the
overflow.  NSLB will process any NSL request that it receives.
Field divisions should send their requests directly to NSLB,
with information copies to the FBIHQ substantive unit.  Such
requests must contain all the substantive information
identified in this communication that is necessary to prepare
the NSL but the requests do not have to follow the format set
forth in this guidance.  NSLB would then prepare the NSL, as
well as the EC that does follow the format described in this
guidance. NSLB anticipates that it will be able to process
such requests within one to three business days.

        Any questions regarding this communication may be
directed to Assistant General Counsel
(202) 324-

b6 -1
b7C -1
b2 -2

11

To:  All Field Offices   From:   General Counsel
Re:  66F-HQ-A1255972, 10/01/2003


**LEAD(s):**

**Set Lead 1:   (Adm)**

   ALL RECEIVING OFFICES

        Distribute to all supervisory personnel involved in
the investigation of international terrorism cases.


◆◆                                            ___

NSL VIO-2502

_____ **(OGC) (FBI)**

| | |
|---|---|
| **From:** | _____ (ITOD) (FBI) |
| **Sent:** | Tuesday, September 13, 2005 11:05 AM |
| **To:** | _____ (OGC) (FBI) |
| **Cc:** | _____ (OGC) (FBI) |
| **Subject:** | RE: OGC: Change to NSLB Webpage |

                                                b6 −1
                                                b7C −1

ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 06-28-2007 BY 65179/dmh/ksr/cak

**UNCLASSIFIED**
**NON-RECORD**

done (except for **telephone subscriber NSL.wpd** - updated via other request)

> -----Original Message-----
> **From:** _____ (OGC) (FBI)
> **Sent:** Tuesday, September 13, 2005 9:35 AM
> **To:** HQ_DIV04_FBIHOME
> **Cc:** _____ (OGC) (FBI)
> **Subject:** OGC: Change to NSLB Webpage

                                                b6 −1
                                                b7C −1

**UNCLASSIFIED**
**NON-RECORD**

Attn: _____

                                                b6 −1
                                                b7C −1

This is a follow up to _____ request of yesterday afternoon to have a paragraph added to several of the NSLs at http_____ Please replace the documents to which each of the following link with the respective attached documents. You are working with the links three-quarters of the way down the page that say latest model ECs/letters.

                                                b6 −1
                                                b7C −1
                                                b2 −5

2. Telephone Subscriber NSL
4. Toll Record NSL
6. E-Mail Subscriber NSL
8. Transactional Record NSL
10. RFPA NSL

Please call if you have any questions.

_____ OGC
(for _____ NSLB)
202-_____

                                                b6 −1
                                                b7C −1
                                                b2 −2

_____ You will want to be sure to copy the attachments to your computer so that you have the most recent updates for future edits.

**UNCLASSIFIED**

**UNCLASSIFIED**

_____ **(OGC) (FBI)**

**ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 06-28-2007 BY 65179/dmh/ksr/cak**

**From:** _____ (OGC) (FBI)
**Sent:** Tuesday, September 13, 2005 12:32 PM
**To:** _____ (ITOD) (FBI)
**Cc:** _____ (OGC) (FBI)
**Subject:** RE: OGC: Change to NSLB Webpage

*(2 documents attached)
6/5/06*

b6 -1
b7C -1

**UNCLASSIFIED
NON-RECORD**

neither the transactional record #8 nor the telephone subscriber record #2 is correct.  here are the replacements.

thanks

-----Original Message-----
**From:** _____ (ITOD) (FBI)
**Sent:** Tuesday, September 13, 2005 12:11 PM
**To** _____ (OGC) (FBI)
**Subject:** RE: OGC: Change to NSLB Webpage

b6 -1
b7C -1

**UNCLASSIFIED
NON-RECORD**

Sorry - I thought that file was sent separately later on. I had already done the later request.

Can you double-check it, and if the correct version is not posted, just resend it to us? Thanks

-----Original Message-----
**From** _____ (OGC) (FBI)
**Sent:** Tuesday, September 13, 2005 11:50 AM
**To:** _____ (ITOD) (FBI)
**Subject:** RE: OGC: Change to NSLB Webpage

**UNCLASSIFIED
NON-RECORD**

b6 -1
b7C -1

I don't understand what you mean, since the telephone subscriber still needs to be done.

And the transactional record NSL needed to be the copy that I provided - I sent you an email to head you off from using_____version but maybe you didn't get it in time. But there is an email that I sent you about the transactional record NSL to be used.

thanks

-----Original Message-----
**From** _____ (ITOD) (FBI)
**Sent:** Tuesday, September 13, 2005 11:05 AM
**To** _____ (OGC) (FBI)
**Cc** _____ (OGC) (FBI)
**Subject:** RE: OGC: Change to NSLB Webpage

b6 -1
b7C -1

NSL VIO-2605

6/5/2006

UNCLASSIFIED
NON-RECORD

done (except for **telephone subscriber NSL.wpd** - updated via other request)

    -----Original Message-----
**From:** [        ](OGC) (FBI)                              b6 -1
**Sent:** Tuesday, September 13, 2005 9:35 AM               b7C -1
**To:** HQ_DIV04_FBIHOME
**Cc:** [        ] (OGC) (FBI)
**Subject:** OGC: Change to NSLB Webpage

UNCLASSIFIED
NON-RECORD

Attn [        ]                                             b6 -1
                                                           b7C -1
This is a follow up to [      ] request of yesterday afternoon to have a paragraph    b2 -5
added to several of the NSLs at http[                    ] Please replace the
documents to which each of the following link with the respective attached
documents. You are working with the links three-quarters of the way down the page
that say latest model ECs/letters.


  2. Telephone Subscriber NSL
  4. Toll Record NSL
  6. E-Mail Subscriber NSL
  8. Transactional Record NSL
  10. RFPA NSL


Please call if you have any questions.



[        ] OGC                                             b6 -1
(for                       NSLB)                           b7C -1
202[        ]                                              b2 -2

[        ] You will want to be sure to copy the attachments to your computer so that you
have the most recent updates for future edits.



UNCLASSIFIED



UNCLASSIFIED



UNCLASSIFIED


NSL VIO-2606

6/5/2006

**(OGC) (FBI)**

(1 attachment)

06/08/06

**From:** _____ (Div09) (FBI)

**Sent:** Friday, April 16, 2004 12:20 PM

**To:** _____ (FBI)

**Subject:** Here is a copy of my powerpoint

b6 -1
b7C -1

**SENSITIVE BUT UNCLASSIFIED**
**NON-RECORD**

**SENSITIVE BUT UNCLASSIFIED**

ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 07-12-2007 BY 65179 DMH/TAH/KSR/JB

NSL
VIO-2700

6/5/2006



b6 -1
b7C -1

### Investigative Tools for Intelligence Investigations

National Security Law Branch
Federal Bureau of Investigation



### National Security Letters

- NSLs – administrative subpoenas that allow the FBI to obtain three types of information:
  - phone- and email communication records from telephone companies and internet service providers (Electronic Comm. Privacy Act) (18 USC 2709) (same information as gathered in pen register/TT except historic, not live)
  - financial institution records (Right to Financial Privacy Act) (12 USC 3414(a)(5)(A)).
  - credit bureau info – identity of financial institutions where consumer maintains or maintains and account; and consumer identifying information (includes names associated with person, current/former addresses and places of employment) (Fair Credit Reporting Act) (15 USC 1681u (a), (b))

### National Security Letters

- Prior to Patriot Act, standard for getting NSL was that the target be tied to foreign power.
- Under Section 505 of the Patriot Act, lesser standard – only need the information to be "relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities provided that such an investigation of a United States person is not conducted solely on the basis of activities protected by the first amendment of the Constitution of the United States."
- Prior to October 31, 2003, could only get NSL in PI; now can get it in PI or full investigation
- Subject of NLS does not need to be target of investigation as long as expected information is relevant to authorized investigation

### National Security Letters

- Prior to Patriot Act, approval authority could be no lower than Deputy Assistant Director; Patriot Act allowed delegation down to the SACs.
- Currently, approval authority has been delegated to
  - Deputy Director
  - Assistant Directors in charge, and all DADs for CI/CT
  - General Counsel, Deputy General Counsel for National Security Affairs, and Senior Counsel for National Security Affairs
  - Assistant Director in Charge, and all SACs in NY, D.C. and LA
  - All SACs in other field divisions
- Acting SAC cannot sign NSLs
- If do not have SAC in field office, can send EC to NSLB requesting that we draft the NSL and send it out

### National Security Letters

- For all NSLs, issuing office must prepare two documents: (1) the NSL itself; and (2) an EC approving the NSL and documenting the prediction
- All NSLs must be addressed to the specific company point of contact (many of which are listed on NSLB's website)
- All NSLs should identify the statutory authority for the request, the type of records requested, and provide identifying information to assist the company in processing the request.
- All NSLs require a certification that the records sought are relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities and that an investigation of a USP is not conducted solely on the basis of first amendment rights.

### National Security Letters

- All NSLs should have a non-disclosure warning
- All NSLs should say that the information should be personally delivered to the FBI, not mailed
- All NSLs must be personally served on or secure faxed to the company (even though they are not classified, the fact of a named target and a reference to an IT intelligence investigation would imply that the target is the subject of an National Security investigation, which fact is classified)

ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 07-12-2007 BY 65179 DMH/TAM/KSR/JB

NSL
VIO-2701

## National Security Letters

- Certain NSLs have an attachment suggesting the type of information that the company may considered to fall within the parameters of the statute. For example:
  - Toll billing records

  - Financial records

## National Security Letters

- The cover EC serves four functions:
  - It documents the predication for the NSL by stating why the information sought is relevant to an investigation
  - It documents the approval of the NSL by field supervisors
  - It contains information needed to fulfill Congressional reporting requirements for each type of NSL
  - It transmits the NSL to the requesting squad or delivering field division for delivery
- For reporting purposes, the EC must include case file number, subjects USP status, type of NSL issued, and the number of phone numbers, email addresses, account numbers or individual records being requested in the NSL

b2 -1
b7E -1

## RFPA National Security Letters

- Recent change in the statute greatly expands the definition of "financial institutions" upon which we can serve NSLs under the RFPA
- Per 31 USC 5312(a)(2), the list includes: insured bank; commercial bank or trust company; private banker; credit union; thrift institution; broker or dealer registered with the SEC; investment banker or investment company; currency exchange; issuer, redeemer or cashier of travelers' checks, money orders; operator of a credit card system; insurance company; pawnbroker; loan or finance company; involved in real estate closings and settlements; US Postal Service; agency of US/state/local gov't carrying out any of foregoing; casino; any business similar to the above list; any business whose cash transactions have high degree of usefulness in criminal, tax or regulatory matters

## Full Credit Reports – Court Order

- In addition to FCRA, 15 USC 1681u(a) and (b) information (financial institutions and consumer identifying information); under 15 USC 1681u(c), can get full consumer report in CI and CT cases by ex parte Court order
- Section 505 of Patriot Act changed standard for FCRA - Court order for consumer report – eliminated requirement that target is tied to foreign power (same change as with respect to NSLs) and created standard of relevance to an authorized investigation to protect against int'l terrorism or clandestine intelligence activities provided that an investigation of a USP is not conducted solely on the basis of first amendment rights

## Full Credit Report NSL - IT cases

- Patriot Act added 1681v to FCRA to authorize NSLs to obtain full "consumer report of a consumer and all other other information in a consumer's file" (not just identity of financial institution or consumer identifying information) in IT cases only
- Full credit report to be provided to "a government agency authorized to conduct investigations of, or intelligence or counterintelligence activities or analysis related to, international terrorism when presented with a written certification by such government agency that such information is necessary for the agency's conduct of such investigation, activity or analysis."

## Full Credit Report NSL - IT cases

- Same basic approval authority as other NSLs: (Deputy Director, EAD for CT/ CI, AD and all DADs for CT, General Counsel, Deputy General Counsel for National Security Affairs, Senior Counsel for National Security Affairs, ADICs and SACs in NY, D.C., LA, and all SACs in other field offices)
- Includes non-disclosure provision
- Consumer reports in non-IT cases still require court order

b2 -1
b7E -1

## Full Credit Report  NSL - IT cases

- As with other NSLs, subject of NSL does not have to be target of the investigation
- Same mechanism as other NSLs – Cover EC and NSL itself
- Although no congressional reporting requirement – cover EC should still state the number of reports requested, in the event we are asked by Congress about the use of this NSL

## Dissemination of NSL Information

- Information obtained through the use of NSLs may be disseminated in accordance with general standards set forth in AG guidelines – i.e, the rules that apply to information sharing with DOJ, federal, state and local authorities wherein share if information relates to the responsibility of the entity

## Dissemination of NSL Information

- Per the AG guidelines, NSL information dissemination is also subject to specific statutory limitations (e.g. toll record NSL statute, ECPA, 18 USC 2701, and financial record NSL statute, RFPA, 12 USC 3414, permit dissemination if per AG guidelines and information is clearly relevant to responsibilities of recipient agency; credit report 1681u NSL statute, FCRA,  15 USC 1681u, permits dissemination to other federal agencies as may be necessary for the approval or conduct of a FCI investigation; no special statutory rules for dissemination of 15 1681v information)

## Payment for NSL Information

- NSL for toll records/email accounts, ECPA, does not provide for reimbursement of costs, although some offices do pay when requested in order to keep on good terms with service providers
- NSL for financial records, RFPA, requires reimbursement of costs; Title 12, CRF Part 219, and appendix, provides reimbursement cost schedule
- NSL for financial institution information and consumer identifying information, FCRA, section 1681u, provides for payment but no schedule has been promulgated
- NSL for full credit reports, FCRA, section 1681v does not provide for reimbursement of costs

## FISA - Business Records

- Under FISA, 50 USC 1861, FBI can apply to FISC for an ex parte order for business records (note: other sections of FISA say that AG applies to Court for order)
- When added to FISA in 1998, limited to business records from common carriers, public accommodations, vehicle rentals, storage facilities and standard was specific and articulable facts that records related to agent of foreign power

## FISA - Business Records

- Patriot Act expanded universe of items obtainable, to "any tangible things (including books, records, papers, documents, and other items)"
- Patriot Act changed legal standard: "the information to be obtained is foreign intelligence information not concerning a US person , or is relevant to an ongoing investigation to protect against international terrorism or clandestine intelligence gathering activities" and investigation of USP cannot be based solely on activities protected by First Amendment
- Same standard as established by Patriot Act for PR/TT; NSLs
- Available in PI and full investigations

3

b6 -1
b7C -1

## FISA - Business Records

- FISA permits delegation down to level of ASAC
- At current time, approval authority has been delegated to headquarters officials (Deputy Director; EAD for CT/CI; AD and all DADs of CT, CI, Cyber; General Counsel, Deputy General Counsel for National Security Affairs, and Senior Counsel for National Security Affairs)
- Business records form available for field to fill out and submit to headquarters and NSLB (atty

## FISA - Business Records

- Provision used once, before Patriot Act
- Since Patriot Act, requests have been made to OIPR but OIPR hasn't presented any to the FISC
- Signed request that was approved by FBI and OIPR is now with the DAG's office
- Thus, this provision of the Patriot Act has never been used

## FISA - Business Records

- May or may not be able to get records covered by other statutes, such as tax returns or educational records –OIPR takes position that specific tax and educational records statutes govern the procurement of those records
- Library record requests will be subject to scrutiny

## Educational Records

- Section 507 of the Patriot Act amended the Family Educational Rights and Privacy Act of 1974 (FERPA), 20 USC 1232g (aka the "Buckley amendment"), to provide for the AG to submit written application to court of competent jurisdiction (OIPR says this does not include FISC) for ex parte order requiring educational institution to provide educational records "relevant to an authorized investigation or prosecution of (certain defined federal terrorism offenses) or an act of domestic or international terrorism"
- Must provide certification that there are specific and articulable facts giving reason to believe that the education records are likely to contain information relevant to such an investigation

## Educational Records

- Education records defined in FERPA as "those records, files, documents and other materials which (1) contain information directly related to a student; and (2) are maintained by an educational agency or institution or by a person acting for such agency or institution."
- Educational institution is immune from liability if it complies with court order
- Institutions are not supposed to tell target of the request, since court order is ex parte, but no particular provision of statute provides for secrecy of the AG application – would need to include such provision in the court order
- General record keeping requirements of the school do not apply to the ex parte order
- Procedures for submitting a request for such an application to the AG have not been promulgated

## Educational Records

- Patriot Act's amendment to Buckley was an expansion of the availability of student records, which are generally protected under 20 USC 1232g, which specifically sets forth who may be granted access to such records.
- Until this change in the Patriot Act, records were only available (and remain available) with the written consent of the student, a court order, or a GJ or law enforcement subpoena (if by court order or subpoena, student must be notified in advance of compliance unless a court orders non-disclosure)

### Educational Records

- Statute permits a school (but doesn't require it) to release "directory information" (name, address, telephone, DOB, field of study, dates of attendance, degrees and awards received, participation in official activities and sports, etc.) without student consent or court order
- Statute requires that students be afforded an opportunity to forbid release of directory information without their prior consent or court order
- Schools unlikely to release directory information, even though permitted, without notifying students

### Educational Records

- Statute applies to student academic records so does not protect records kept by campus law enforcement or records maintained by medical professionals affiliated with the school; nor does it protect records of employees
- FBI policy, as stated from 1976 and 1996, is not to request or accept or use information from sources or other employees at educational institutions obtained from student records

### Educational Records



b2 -1
b7E -1

### Tax Records



### Tax Records –
### Taxpayer Return Information

- Intelligence case: 26 USC 6103(i)(7)(C) – provided for AG application to a federal district court for an ex parte court order to disclose taxpayer return information to federal intelligence or LE agency employees personally and directly engaged in any investigation, response to, or analysis of intelligence and counterintelligence information concerning any terrorist incident, threat or activity.
- However, provision expired December 31, 2003 and was never used and never renewed
- Thus, at present time, no way to get taxpayer return information in intelligence case if no criminal nexus

### Tax Records – Return Info
### Other Than Taxpayer Return

- LIMITATIONS ON RETURN INFORMATION OTHER THAN TAXPAYER RETURN INFORMATION – term defined as information gathered during course of tax investigation that did not come from taxpayer
- Non-tax criminal case: 26 USC 6301(i)(2)(A), (B) – federal employees personally and directly engaged in the proceeding can have access to return information (other than taxpayer return information) upon written request from head of agency

## Tax Records – Return Info
## Other Than Taxpayer Return

- Intelligence case: 26 USC 6103(i)(3)(C) provided that we could get (and did get) from the IRS (including the IRS rep on JTTTF) return information (other than taxpayer return information) "that may be related to a terrorist incident, threat or activity" – IRS rep needed permission to disclose from an IRS disclosure officer, once permission received, information was disseminated to FBI, and IRS disclosure officer formally notified Director of the FBI of the disclosure
- However, that provision expired December 31, 2003 and has not been renewed

## Tax Records – Return Info
## Other Than Taxpayer Return

- Never used provision – 26 USC 6103(i)(7)(A) provided for formal written request by FBI Director or his designee to the IRS for disclosure of return information (other than taxpayer return information) to an employee personally and directly engaged in the response to or investigation of any terrorist incident, threat or activity
- Never used provision – 26 USC 6103(i)(7)(B) – provided for a formal written request by the head of an intelligence agency for the disclosure of return information (other than taxpayer return information) to any intelligence agency personnel who are personally and directly engaged in the collection or analysis of intelligence and counterintelligence information nor investigation concerning any terrorist incident, threat or activity.
- These provisions were never used, expired December 31, 2003 and have not been renewed

## Tax Records – Return Info
## Other Than Taxpayer Return

- Thus, in intelligence cases, we cannot get return information other than taxpayer return information, nor can we get taxpayer return information, unless case has criminal nexus
- Per 26 USC 7213A, there are misdemeanor criminal penalties that attach to unauthorized inspection or return information - thus, need to be careful when accepting any type of tax return information
- POC at IRS on disclosure matters and court orders

b6 −4
b7C −4

## Tax Records –
## Use in Proceedings

- Per 26 USC 6103(i)(4) entitled "Use of certain disclosed return and return information in judicial or administrative proceeding" (other than taxpayer return information) can be used in judicial or administrative proceeding pertaining to enforcement of a specific federal criminal statute or related civil forfeiture in which US or federal agency is a party – FISA application does not seem to be encompassed here
- Per 26 USC 7213, there are felony criminal penalties that attach to unauthorized disclosure of return information.
- Thus, it is recommended that regardless of how you received return information, it should not be included in a FISA application

b4
b7D −1
b6 −5
b7C −5

## Information

- private company
- Has database
- POC is [Can fax a request] on FBI letterhead
- No legal process required if information is to stay within the FBI

## National Security

- Request to reasonable grounds necessary to protect national security
- Need Director/HQ designee approval
- 120 days
- Need
- Need
- I need

b2 −1
b7E −1

b6 -1
b7C -1
b2 -2,5



NSL VIO-2707

**(OGC) (FBI)**

| | | |
|---|---|---|
| **From:** | (OGC) (FBI) | b2 −1 |
| **Sent:** | Friday, June 23, 2006 8:45 AM | b6 −1 |
| **To:** | (FBI) | b7C −1 |
| **Subject:** | RE: NSL IOB question | b7E −1 |

**UNCLASSIFIED**
**NON-RECORD**

b5 −1
b6 −1
b7C −1

-----Original Message-----

| | | |
|---|---|---|
| **From:** | (FBI) | b2 −1 |
| **Sent:** | Tuesday, June 20, 2006 10:44 AM | b6 −1 |
| **To:** | (OGC) (FBI) | b7C −1 |
| **Subject:** | NSL IOB question | b7E −1 |

**UNCLASSIFIED**
**NON-RECORD**

b2 −1
b5 −1
b6 −1
b7C −1
b7E −1

SSA

b2 −1,2
b6 −1
b7C −1
b7E −1

FBI

voice
fax

**UNCLASSIFIED**

**UNCLASSIFIED**

ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 07-12-2007 BY 65179 DMH/TAH/KSR/JB

NSL VIO-2800

| | (OGC) (FBI) |

| | |
|---|---|
| **From:** | (OGC) (FBI) |
| **Sent:** | Monday, April 04, 2005 11:56 AM |
| **To:** | (OGC) (FBI); (OGC) (FBI); (OGC) (FBI); (OGC)(FBI) |
| **Cc:** | (FBI); (OGC) (FBI) |
| **Subject:** | RE: NSLs for financial summary information |

b2 -1
b5 -1
b6 -1
b7C -1
b7E -1

**SENSITIVE BUT UNCLASSIFIED**
**NON-RECORD**

-----Original Message-----
**From:** (OGC) (FBI)
**Sent:** Monday, April 04, 2005 11:02 AM
**To:** (OGC) (FBI); (OGC) (FBI); (OGC)
(FBI) (OGC)(FBI)
**Cc:** (FBI); (OGC) (FBI)
**Subject:** RE: NSLs for financial summary information

b2 -1
b5 -1
b6 -1
b7C -1
b7E -1

**SENSITIVE BUT UNCLASSIFIED**
**NON-RECORD**

I have included                on this e-mail for his IOB expertise, and I look forward to the
opinions of my learned colleagues.

-----Original Message-----
**From:** (OGC) (FBI)
**Sent:** Monday, April 04, 2005 9:35 AM
**To:** (OGC) (FBI); (OGC) (FBI); (OGC)
(FBI); OGC)(FBI)
**Cc:** (FBI)
**Subject:** RE: NSLs for financial summary information

b2 -1
b5 -1
b6 -1
b7C -1
b7E -1

**SENSITIVE BUT UNCLASSIFIED**
**NON-RECORD**

ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 07-12-2007 BY 65179 DMH/TAM/KSR/JB

b4
b5 -1
b6 -1
b7C -1
b7D -1

-----Original Message-----
**From:** _____(FBI)
**Sent:** Tuesday, March 29, 2005 9:10 AM
**To** _____(OGC) (FBI)
**Cc:** _____(FBI)
**Subject:** FW: NSLs for financial summary information

b2 -1
b4
b5 -1
b6 -1
b7C -1
b7D -1
b7E -1

**SENSITIVE BUT UNCLASSIFIED**
**NON-RECORD**

Thanks for any advice you can provide in this matter

-----Original Message-----
**From:** _____(FBI)
**Sent:** Friday, March 18, 2005 7:23 AM
**To** _____(FBI); _____(FBI); _____(FBI)
**Subject:** FW: NSLs for financial summary information

b2 -1
b4
b5 -1
b6 -1
b7C -1
b7D -1
b7E -1

**SENSITIVE BUT UNCLASSIFIED**
**NON-RECORD**

FYI:

Take care,

-----Original Message-----

NSL VIO-2903

**From:** [                    ](FBI)
**Sent:** Thursday, March 17, 2005 2:56 PM
**To:** [                    ](FBI); [                    ](FBI);
(FBI); [                    ](FBI); [                    ](FBI)
**Cc:** [                    ](FBI)
**Subject:** NSLs for financial summary information

**SENSITIVE BUT UNCLASSIFIED**
**NON-RECORD**

Hello to everyone.  I am [                    ] and I have been talking with
[          ] the ISS who is serves NSLs to

b2 -1,2
b4
b5 -1
b6 -1
b7C -1
b7D -1
b7E -1

[          ] Division

**SENSITIVE BUT UNCLASSIFIED**

**SENSITIVE BUT UNCLASSIFIED**

**SENSITIVE BUT UNCLASSIFIED**

**SENSITIVE BUT UNCLASSIFIED**

**SENSITIVE BUT UNCLASSIFIED**

NSL VIO-2904

6/29/2006

ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 08-02-2007 BY 65179 dmh/ksr/gc1

(Rev. 01-31-2003)

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** IMMEDIATE          **Date:** 04/15/2003

**To:** All Field Offices          **Attn:**    ADIC
                                               SAC
                                               CDC

**From:** Office of the General Counsel
      Investigative Law Unit/Room
      **Contact:** [                    ]          b6 −1
                                                                       b7C −1
                                                                       b2 −2

**Approved By:**    Kelley Patrick W .
            Lammert Elaine N

**Drafted By:** [                    ]

**Case ID #:** 66F-HQ-1085160   (Pending)
           66F-HQ-1085159  (Pending)
           66F-HQ-C1382989  (Pending)
           66F-HQ-C1384970

**Title:**    Emergency Disclosures under ECPA
           18 U.S.C. § 2702
           Reporting Requirement

**Synopsis:** This EC advises receiving field offices of the reporting requirement under 18 U.S.C. Section 2702(b)(7) regarding any voluntary disclosures made by a service provider to the FBI under this emergency disclosure provision. Field offices must immediately report if they received any voluntary disclosures of content or records from service providers under this provision between January 24, 2003 and March 31, 2003. Negative reports are not required. Additional reports will be required at later dates.

**Enclosure(s):** Sample report

**Details:** The Electronic Communications Privacy Act (ECPA), codified in 18 U.S.C. § 2701, *et. seq.*, provides privacy protection for electronic communications, such as e-mail, and associated records. It also outlines the compulsory process that law enforcement can use to obtain both the content of communications and records held by an electronic communications service provider or a remote computing service, most often an Internet Service Provider (ISP). The USA Patriot Act created a voluntary disclosure provision which explicitly permits, but does not require, a service provider to disclose to law enforcement either content or non-content customer records in emergencies involving an immediate risk of death or serious physical injury to any person.  18 U.S.C. § 2702(b)(7); 18 U.S.C. § 2702(c)(4). The Homeland Security Act modified this provision and created a reporting requirement for every disclosure made under this provision.

      This EC provides guidance on the reporting requirement and notifies the field of urgent deadlines in order to ensure full compliance with the statutory deadlines. Further guidance will be issued in the near future on the use of the provision.

NSL VIO-3107

To: All Field Offices Fro. .. Office of the General Counsel
Re: 66F-HQ-1085160, 04/15/2003

follows:       The reporting requirement as enacted in the Homeland Security Act reads as

> "A government entity that receives a disclosure under section
> 2702(b) of title 18, United States Code, shall file, not later than 90
> days after such disclosure, a report to the Attorney General stating
> the paragraph of that section under which the disclosure was made,
> the date of the disclosure, the entity to which the disclosure was
> made, the number of customers or subscribers to whom the
> information disclosed pertained, and the number of
> communications, if any, that were disclosed.  The Attorney General
> shall publish all such reports into a single report to be submitted to
> Congress 1 year after the date of enactment of this Act."[1]

While the language of the reporting requirement states that any disclosure to the government
under 18 U.S.C. § 2702(b) must be reported, a reasonable interpretation of the legislative history
narrows this reporting requirement to 2702(b)(7), the emergency disclosure provision.[2]  This is a
one-time reporting requirement, meaning that after the Attorney General files the report in
November 2003, the reporting requirement ceases.

Generally, when the FBI seeks information from an ISP, the request will be
directed at a certain account or on-line identity (i.e., screen name).  One subscriber may have
multiple accounts and each account may include multiple identities.  We may be unable to
distinguish accounts and identities from customers and subscribers until well into the
investigation.  Therefore, to satisfy the reporting requirement and to simplify the reporting
process, the FBI will report the number of accounts or identities about which information was
sought, instead of the number of customers or subscribers.  For example, if in responding to a
crisis surrounding a kidnaping the FBI has five e-mail addresses for which information is sought,
then even if all five addresses are held by the same person, the FBI will report that information
was sought pertaining to five e-mail addresses.  Similarly, if one letter to an ISP lists four screen
names and five e-mail addresses, then the FBI will report that information was sought on nine
identities.  In the cover letter to the report we will explain what the data means and why we

---

[1]Homeland Security Act of 2002, P.L.107-296, § 225(d)(2).

[2]§ 2702(b) authorizes the ISP to make disclosures to the intended recipient of the e-mail,
consistent with the consent of the originator or recipient, and to another service used to forward
the mail to the intended recipient.  Congress did not intend for the Attorney General to report to
Congress every time that a government employee receives an e-mail that was forwarded through
an ISP.  The legislative history demonstrates that Congress' concern was that law enforcement
might abuse the ability to approach an ISP and present emergency circumstances to the ISP,
causing the ISP to voluntarily provide e-mail content and records to the law enforcement agency.
It is only in this context that the reporting requirement is discussed in the legislative history.  See
H.R. Rep. 107-497, pg. 14; 148 Cong. Rec. H4580-05, pg. H4583 (Congressional debate on the
Cyber Security Enhancement Act of 2002, dated July 15, 2002)(statement of Ms. Jackson-Lee).

2

To: All Field Offices Fr⎧  . Office of the General Counsel
Re: 66F-HQ-1085160, 04/15/2003

cannot report the exact information requested.  By reporting and explaining this information, the
FBI will be complying with the intent of the law.

　　　　　　To facilitate the reporting process, the Investigative Law Unit (ILU),  Office of the
General Counsel (OGC) will act as the central point for all FBI reports of disclosures under the
emergency disclosure provision.  Field offices should provide ILU with a list of the disclosures
they have received under this provision.  Information should be submitted in the form of an Excel
spreadsheet with one column each for the following information: 1) the date of receipt of the
disclosure; 2) whether content (i.e., e-mail) or records were received; and 3) the number of e-mail
messages or communications disclosed.  A separate record or line item should be listed for each
account or identity about which the disclosure was made.  A sample spreadsheet is attached.

　　　　　　The statute requires that disclosures made under this emergency disclosure
provision are to be reported to the Attorney General within 90 days of the disclosure.  As a part
of the Homeland Security Act, the reporting requirement became effective on January 24, 2003.
Therefore, any disclosures received prior to January 24, 2003, need not be reported.  Any
disclosures made under § 2702(b)(7) and received on January 24, 2003, must be reported to the
Department of Justice (DOJ) by April 24, 2003.  In order to provide this information to the DOJ
within the deadline, any office which received disclosures under this emergency disclosure
provision between January 24 and March 31, 2003 are to: 1) telephonically notify Assistant
General Counsel (AGC⎧              ⎫ILU, OGC at (202) 324⎧    ⎫or⎧            ⎫
ILU, OGC (202) 324⎧    ⎫as soon as possible; and 2) submit the above detailed information to
ILU by April 21, 2003 so that any necessary reporting can be made to the DOJ within the
statutory deadlines.  Negative reporting is not required.

b6 -1
b7C -1
b2 -2

　　　　　　Thereafter, reports should be submitted quarterly (via EC with an electronic copy
also sent via e-mail) under the following schedule:  all disclosures received between April 1 and
June 10, 2003 are to be reported to ILU by June 20, 2003; all disclosures received between June
11 and August 15, 2003 are to be submitted to ILU by August 31, 2003; all disclosures received
between August 16 and October 15, 2003 are to be submitted to ILU by November 1, 2003.

　　　　　　Any questions should be directed to AGC⎧            ⎫at telephone number
(202) 324⎧    ⎫or UC Elaine Lammert at (202) 324⎧    ⎫

3

To: All Field Offices  Fr    .  Office of the General Counsel
Re: 66F-HQ-1085160, 04/15/2003


**LEAD(s):**

**Set Lead 1:  (Action)**

<u>ALL RECEIVING OFFICES</u>

      Any office which has received a disclosure of electronic
communications or records from a service provider under 18 U.S.C. § 2702 since January 24,
2003 are to telephonically notify the above contact person immediately and provide a written
report of such disclosures in accordance with the dates specified above.  Negative reports are not
required.

♦♦

4

To: All Field Offices  Fro. . Office of the General Counsel
Re: 66F-HQ-1085160, 04/15/2003

cc:     1 - Mr. Kelley
        1
        1
        1
b6 -1   1
b7C -1  1
        1
        1
        1
        1
        2 - ILU Files



5

ATTACHMENT

In preparing your response to this National Security Letter, you should determine whether your company maintains the following types of information which may be considered by you to be an electronic communication transactional record in accordance with Title 18, United States Code, Section 2709:

b2 -1
b7E -1

This National Security Letter does not request, and you should not provide, information pursuant to this request that would disclose the content of any electronic communication as defined in Title 18, United States Code, Section 2510(8).

ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 06-23-2007 BY 65179 dmh/ksr/prs

ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED EXCEPT
WHERE SHOWN OTHERWISE

~~SECRET~~

(S) _____ NSL matter.txt

MessageFrom: _____ (CTD) (FBI); KALISCH, ELENI
_____
b1          ~~:nt:~~ Thursday, May 27, 2004 2:35 PM
b6 -1,2     ): PISTOLE, JOHN S. (DO) (FBI);
_____: MUELLER, ROBERT S. III (DO) (FBI); _____ (OGC) (FBI) _____ (CTD) (FBI); _____ (FBI)
b7C -1,2    (OCA) (FBI); Caproni, Valerie E. _____
b2 -1       (OGC) (FBI); _____ (CTD) (FBI); _____ (FBI);          DATE: 07-19-2007
b7E -1      ~~:bject:~~ _____ NSL matter                           CLASSIFIED BY 65179 dmh/ksr/maj
b1                                                                  REASON: 1.4 (c/d)
                                                                    DECLASSIFY ON: 07-19-2032
            SECRET
            RECORD

(S) _____

(S) _____

b1
b6 -2,7 _____                                  with input from OGC and
b7C -2,7 _____
b2 -1
b7E -1  This summary was put together by OS _____
                                        b6 -1
                                        b7C -1
        UC _____                 b2 -2
        CONUS-1  TIOS-1, CTD
        202-324 _____ _____ Field Office delivered a National Security

        On February 10, 2004 _____ on behalf of the _____ Field Office, with
b1
b6 -2,7 Letter (NSL) to _____
b7C -2,7 _____ _____
b2 -1   regards to _____
b7E -1  _____

        On April 6, 2004, the ACLU, on behalf of itself and a John Doe plaintiff,
filed a lawsuit against the Attorney General, the FBI, the Director, and FBI Senior
Counsel Marion E. Bowman in the United States District Court for the Southern
District of New York. The lawsuit includes a facial challenge (NSL) statute, 18 U.S.C. § 2709.
constitutionality of a National Security Letter (NSL) statute, 18 U.S.C. § 2709.
The case was filed under seal and large portions remain under seal. Because large
portions of the case are under seal, very little information can be disclosed
publicly about it.

        The lawsuit includes a facial challenge to the constitutionality of 18
U.S.C. 2709. The plaintiffs allege that the statute violates the First, Fourth and
Fifth Amendments to the Constitution. The plaintiffs allege that the NSL statute is
unconstitutional because it is vague, prohibits a recipient of an NSL from
disclosing its receipt of the NSL, does not provide a mechanism for challenging the
validity of an NSL, does not require the FBI to demonstrate a compelling need for
the information sought by the NSL, and does not provide notice to the individuals
whose information is sought. The Government disputes these claims, and intends to
vigorously defend the lawsuit and constitutionality of the statute.

        The plaintiffs filed a motion for summary judgment on 5/17/04. Under the
current briefing schedule, the Government will be filing a cross-motion for summary
judgment on 6/7/04. Several organizations have filed amicus briefs in favor of
plaintiffs' motion for summary judgment. The amici include the Electronic Frontier

                                    Page 1

~~SECRET~~

NSL VIO-9512

SECRET

(S)                                                      NSL matter.txt
Foundation and the American Library Association.

(S)



b1
b6 -2,7
b7C -2,7

(S)                                    has never met            in person.


DERIVED FROM: G-3 FBI Classification Guide G-3, dated 1/97, Foreign
Counterintelligence Investigations
DECLASSIFY ON: 20290527
SECRET

SECRET

NSL VIO-9513

ALL FBI INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED EXCEPT
WHERE SHOWN OTHERWISE

DATE: 01-24-2007
CLASSIFIED BY 65179 DHH/KSR/cb
REASON: 1.4 (c)
DECLASSIFY ON: 11-27-2032

(Rev. 01-31-2003)

SECRET

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE                        **Date:** 02/02/2005

**To:** Counterterrorism               **Attn:**

**From:**

b2 -1,2          **Contact:** SA
b7E -1
b6 -1,2      **Approved By:**
b7C -1,2
b1           **Drafted By:**

             **Case ID #:** (S)                          (Pending)

             **Title:** (S)

             **Synopsis:** (S)  Results of NSL regarding                email
             account

b1
b2 -1        (U)            (S)        Derived From : G-3
b7E -1                                 Declassify On:  X1
b6 -2
b7C -2       (U)

(U)          **Enclosure(s):** (S)  Enclosed for                 is a CD containing
             subscriber, User Activity Report, and email header information
(S)          for account

(U)          **Details:** (S)  Pursuant to a National Security Letter,
                            identified the subscriber to email account.

   (S)
b4
b7D -1
b1
b6 -2
b7C -2
b2 -1
b7E -1

SECRET

NSL
VIO-9850

SECRET

To: Counterterrorism From:
Re: (S) 02/02/2005

b1
b2 -1
b7E -1

(S)

b4
b7D -1
b6 -2
b7C -2
b1

SECRET

2 NSL
VIO-9851

SECRET

```
To:   Counterterrorism   From:                              b1
Re:   (S)                      02/02/2005                   b2 -1
                                                            b7E -1
```

(S)

b4
b7D -1
b6 -2
b7C -2
b1

SECRET

3   NSL
    VIO-9852

SECRET

To: Counterterrorism From:
Re: (S)                            02/02/2005

b2 -1
b7E -1
b1

(S)

b4
b7D -1
b6 -2
b7C -2
b1

SECRET

4   NSL VIO-9853

SECRET

To:   Counterterrorism   From:                                  b1
Re:   (S)                              02/02/2005              b2 -1
                                                               b7E -1

(S)

b4
b7D -1
b6 -2
b7C -2
b1

SECRET

5   NSL VIO-9854

SECRET

To:  Counterterrorism  From:

Re:  (S)                                02/02/2005

(S)

b1
b2 -1
b7E -1

b4
b7D -1
b6 -2
b7C -2
b1

SECRET

(01/26/1998)

SECRET

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE                              **Date:** 00/00/2006

**To:**  General Counsel          **Attn:** Julie Thomas
                                         Deputy General Counsel, NSLB

    [COUNTERTERRORISM/          **Attn:** [UNIT]
    COUNTERINTELLIGENCE/CYBER]

    [REQUESTING OFFICE]          **Attn:** SSA [SQUAD SUPERVISOR]
                                         SA [CASE AGENT]

    [OFFICE OF ORIGIN]          **Attn:** SA [CASE AGENT]
                                         [SQUAD] [X]

    [DELIVERING DIVISION]        **Attn:** SSA [SQUAD SUPERVISOR]
    (if using personal service)          [SQUAD] [X]


**From:** [DRAFTING DIVISION]
        [APPROVING OFFICIAL]
        Contact: [CASE AGENT, telephone number (000) 000-0000]

**Approved By:** [ADIC NAME (IF APPLICABLE)]
           [SAC NAME]
           [ASAC NAME]
           [CDC NAME]
           [SSA NAME]

**Drafted By:** [LAST, FIRST, MIDDLE NAME: INITIALS]

**Case ID #:**  (S)   [CASE FILE NUMBER] (Pending)

**Title:**  (S)   [SUBJECT]
          [AKA] [ALIAS (IF APPLICABLE)]
          IT/FCI - [FOREIGN POWER];
          OO: [OFFICE OF ORIGIN]

**Synopsis:**  (U)  Approves the issuance of an ECPA National Security
Letter (NSL) for telephone subscriber information; provides reporting

SECRET

SECRET

To: [DELIVERING DIVISION]          From:   [DRAFTING DIVISION]
Re:  (S) [CASE FILE NUMBER, 00/00/2006]

data; and, if necessary, transmits the NSL for delivery to the wire
communications service provider.

                (S)        Derived From:    G-3
                           Declassify On: [10 years from date of EC]

[FULL/PRELIMINARY] Investigation Instituted: (S) [00/00/2006]

Reference:   (S) [CASE FILE NUMBER Serial XXX]

Enclosures:   (U)   Enclosed for [DELIVERING DIVISION of OFFICE OF
ORIGIN, depending on whether service is personal or through
restricted delivery service or fax] is an NSL dated [00/00/2006],
addressed to [COMPANY POC NAME], [TITLE (if available)], [COMPANY
NAME], [COMPANY ADDRESS - NO P.O. BOX], [CITY, STATE - NO ZIP CODE if
using personal service], requesting telephone subscriber information.

Details: (S)   A [FULL/PRELIMINARY] [INTERNATIONAL TERRORISM/FOREIGN
COUNTERINTELLIGENCE] investigation of subject, a [U.S. PERSON/NON-
USPER], was authorized in accordance with Attorney General Guidelines
because [Give a full explanation of the justification for opening and
maintaining the investigation on the subject; barebones facts will
not suffice and will cause the request to be rejected for legal
insufficiency].  This telephone subscriber information is being
requested to [Fully state the relevance of the requested records to
the investigation].

                (S)   This electronic communication documents the
[APPROVING OFFICIAL's] approval and certification of the enclosed
NSL.  For mandatory reporting purposes, the enclosed NSL seeks
subscriber information on [NUMBER OF] telephone number(s) from
[telephone company #1]; the [NUMBER OF] telephone number(s) from
[telephone company #2], etc.

                (U) Arrangements should be made with the wire
communications service provider to provide the records [personally to
an employee of the DELIVERING DIVISION OR through use of a delivery
service or secure fax to OFFICE OF ORIGIN] within [NUMBER OF]
business days of receipt of this request.  The wire communications

SECRET

2

NSL VIO-10163

SECRET

To: [DELIVERING DIVISION]      From:  [DRAFTING DIVISION]
Re: (S) [CASE FILE NUMBER, 00/00/2006]

service provider should neither send the records through routine mail·
service nor utilize the name of the subject of the request in any
telephone calls to the FBI.

### DISCLOSURE PROVISIONS

[Certification and Activation of the Nondisclosure Requirement: There
is no longer an automatic prohibition that prevents the recipient of
a National Security Letter from disclosing that the FBI has requested
the information.   To activate the nondisclosure requirement, the
senior FBI official approving this EC must use Option 1 below and
include in the EC (but not in the NSL) a brief statement of facts
that justify the nondisclosure requirement.   Option 2 is to be used
in all cases where Option 1 is not used.]

[Option 1 - Invoking Nondisclosure Requirement]

        (U) In accordance with 18 U.S.C. § 2709(c) I, the senior
official approving this EC, certify that a disclosure of the fact
that the FBI has sought or obtained access to the information sought
by this letter may endanger the national security of the United
States, interfere with a criminal, counterterrorism, or
counterintelligence investigation, interfere with diplomatic
relations, or endanger the life or physical safety of a person.

        (S) Brief statement of the facts justifying my
certification in this case:

[Option 2 - Declining to invoke the nondisclosure requirement]

        (U) I, the senior official approving this EC, have
determined that the facts of this case do not warrant activation of
the nondisclosure requirements under the applicable National Security
Letter statute.

[Include the next 2 paragraphs in all ECs]

        (U)  Information received from a wire communication
service provider may be disseminated in accordance with the Attorney



SECRET

· 3

SECRET

To: [DELIVERING DIVISION]     From:   [DRAFTING DIVISION]
Re:  (S) [CASE FILE NUMBER, 00/00/2006]

General Guidelines on National Security Investigations and Foreign
Intelligence Collection and, and, with respect to dissemination to an
agency of the United States, only if such information is clearly
relevant to the authorized responsibilities of such agency.

         (U)  Any questions regarding the above can be directed to
[CASE AGENT, telephone number (000) 000-0000].

SECRET

4

SECRET

To: [DELIVERING DIVISION]        From:   [DRAFTING DIVISION]
Re:  (S) [CASE FILE NUMBER, 00/00/2006]

**LEAD (s):**

**Set Lead 1:**

    GENERAL COUNSEL

        AT WASHINGTON, DC

        (U)  NSLB is requested to record the appropriate
information needed to fulfill the Congressional reporting
requirements for NSLs.

**Set Lead 2: (Info)**

    **[COUNTERTERRORISM/COUNTERINTELLIGENCE/CYBER]**

        AT WASHINGTON, DC

        (U) At **[Unit]** Read and Clear

**Set Lead 3:**

    **[DELIVERING DIVISION - if using peresonal service]**

        **AT [CITY, STATE]**

        (U)  Deliver the enclosed NSL as indicated above.  Upon
receipt of requested information, **[DELIVERING DIVISION]** is requested
to submit results to the **[DRAFTING DIVISION]** and **[OFFICE OF ORIGIN,
if applicable]**.

♦♦

SECRET

NSL VIO-10166

SECRET

SECRET
NF
---- Working Copy ----                            Page    1

Precedence: PRIORITY              Date:   07/12/2005

To:  General Counsel             Attn:  DGC Julie F. Thomas, CTLU-1
                                        UC                    CTLU-1
                                 Attn: ISS

From:  Counterterrorism                              b2 -1,2
       Electronic Surveillance Operations Unit, Rm 4944   b6 -1
       Contact:  TIS                                 b7C -1
                                                     b7E -1

Approved By:  Hulon Willie T
              Lewis John E
              Thomas Julie F
              Bennett Laurie J
                                        DATE: 07-12-2007
                                        CLASSIFIED BY 65179dmh/ksr/maj
                                        REASON: 1.4 (c/d)
                                        DECLASSIFY ON: 07-12-2032
Drafted By:

Case ID #: (S)                   NSL   (Pending)     b1
           (S)                   -NSL  (Pending)     b7A
       (U) ———— (S)  66F-HQ-C1303375  (Pending)     ALL INFORMATION CONTAINED
                                                    HEREIN IS UNCLASSIFIED EXCEPT
                                                    WHERE SHOWN OTHERWISE
Title: (S)                                           b1
                                                     b6 -2
            EOPS                                     b7C -2
            NSL                                      b2 -1
                                                     b7A

(U) Synopsis: (S) Approves the issuance of an ECPA National
Security Letter (NSL); provides reporting data; and, if necessary,
transmits the NSL for delivery to the electronic
communications service provider.i1

(U)         (S)     Derived From : G-3                b1
{S}                 Declassify On: X1-25              b2 -1
     (U)                                              b7E -1


Enclosure(s): (U)  Enclosed for the          Field Office   b2 -1
are an original and a copy of a National Security Letter,   b4
dated 07/12/2005, addressed to                              b6 -5
Attn:                                                       b7C -5
requesting information related to electronic communications b7D -1
                                                            b7E -1

--------------------------------------------------------
Case ID              NSL        b1     Serial :
                     -NSL       b7A
     {S}     66F-HQ-C1303375          56171

                         SECRET NSL VIO-10726

                         SECRET
                                        {S}



SECRET
NF
---- Working Copy ----                          Page      2

(S) services provided to [                    ]

Details: (S//NF/OC) [              ] Field office EC dated
7/12/2005,  indicates that Internet service for [          ] is
provided through [                ] is requested to provide any
and all subscriber or customer account information and
information regarding electronic communications services
provided to [                ] including, but not limited to, the
following:

    (S) [                                                    ]
    serviced by [              ]

        - confirmation that electronic communications
        destined to or originating from e-mail addresses of
    (S) the form [                ] com transit [        ]
        facilities;

        - information regarding the physical location of
        [      ] facilities which house electronic mail
        servers  providing services to the electronic mail
    (S) domain of [                ]

        - any and all subscriber or customer account
        information and information regarding electronic
    (S) communications services provided to [              ]

        (S//OC,NF) [

    ]

        (S//OC,NF) [

    ]

        (U) On 10/17/2003, the Director designated the FBI
official, signing the attached National Security Letter, to
make the required certification.
                                    SECRET          NSL VIO-10727

b1
b2 -1
b7E -1
b7A

b1
b2 -1
b4
b7D -1
b7E -1
b7A

b1
b2 -1
b4
b7D -1
b7E -1
b7A

b1
b2 -1
b4
b6 -2
b7A
b7C -2
b7D -1
b7E -1

b1
b2 -1
b4
b6 -2
b7A
b7C -2
b7D -1
b7E -1

SECRET
NF
---- Working Copy ----                              Page      3

      (U) Arrangements should be made with the institution
receiving the enclosed letter to produce the records
personally to an employee of the [          ] Field Office. The          b2 -1
institution should neither send the records through the mail,          b7E -1
nor utilize the name of the subject or any identifying
information related to the subject in any telephone calls to
the FBI.  The institution should not contact FBIHQ directly in
any manner.

      (U)  The [          ] Field Office should remind the
institution that it is prohibited from disclosing that the FBI
has made this request.

      (U) Any questions regarding the above can be
directed to FBIHQ, TIS [                              ]
Should the institution be unable to fully comply with this
request due to lack of specificity or should the institution          b2 -1,2
require more detailed information to locate such records, the          b6 -1
[          ] Field Office should immediately contact TIS          b7C -1
[                              ] for additional information.          b7E -1

**FOOTNOTES**

LEAD(s):

Set Lead 1: (Action)

[                    ]                                          b2 -1,2
                                                               b6 -1
    AT [                    ]                         b7C -1
                                                               b7E -1

      (U) Hand deliver enclosed NSL as indicated above.
Upon receipt of requested records, notify TIS [              ]
[                              ] to coordinate immediate delivery of
records to FBIHQ, Counterterrorism Division, CTD/CXS/EOPS,
Room 4343.

Set Lead 2: (Action)

    GENERAL COUNSEL

      AT WASHINGTON, DC

      (U)  NSLB is requested to record the appropriate
information needed to fulfill the Congressional reporting
requirements for NSLs.



Precedence:  IMMEDIATE                      Date:  07/11/2005

To:  Counterterrorism           Attn:   ITOS II/Global Operations Unit
                                        ITOS I/CONUS I/Team 1
                                        ITOS I/

      General Counsel           Attn:   National Security Law Branch
                                        DGC Julie F. Thomas
                                        UC
      International Operations   Attn:   IOU7                        b2 -1
                                Attn:                               b6 -1
                                Attn:                               b7C -1
                                Attn:                               b7E -1

From:  Counterterrorism
       CXS/EOPS/                            Room 4343
       Contact:   IA                                   DATE: 07-12-2007
                                                       CLASSIFIED BY 65179dmh/ksr/maj
Approved By:  Hulon Willie T                           REASON: 1.4 (c/d)
              Lewis John E                             DECLASSIFY ON: 07-12-2032
              Thomas Julie F
              Bennett Laurie J                         ALL INFORMATION CONTAINED
              Rogers Glenn T                           HEREIN IS UNCLASSIFIED EXCEPT
                                          b1           WHERE SHOWN OTHERWISE
                                          b2 -1,6
                                          b7A
                                          b7E -1
                                          b6 -1
Drafted By:                               b7C -1

Case ID #:  (S)                        (Pending)
            (S)                   ending)

(U) Title:  (S)   ELECTRONIC SURVEILLANCE OPERATIONS AND SHARING
                  UNIT:                            b2 -6

(U)         (S)                                   b2 -1
                                                  b7A
                                                  b7E -1

(U) Synopsis:  (S) Approves the issuance of an ECPA National
Security Letter (NSL); provides reporting data; and, if necessary,
transmits the NSL for delivery to the electronic
communications service provider.

(U)         (S)   Classified By:  7566, CXS/CTD          b1
                  Reason       :  1.5(c)     NSL VIO-10729  b2 -1
                                                           b7A
                                                           b7E -1

Case ID :                          Serial :

(S)                                    (S)

SECRET
---- Working Copy ----                    Page    2



(S)

b1
b2 -1
b7E -1

Enclosure(s):  (U) Enclosed for the ⬜ Field Office is a copy
of a National Security Letter, dated 07/11/2005, addressed to

b2 -1
b4
b6 -5
b7C -5
b7D -1
b7E -1

requesting names,
addresses, length of service, billing records, and electronic
communication transactional records for the individual(s)
associated with the website listed below.

Details:  (S//OC/NF) CXS/EOPS

b1
b2 -1
b7E -1
b7A

(U//FOUO)

b1
b2 -1
b7E -1
b7A

(S)   (U//FOUO)

b1
b7A

(S)   (U//FOUO)

b1
b2 -1
b7E -1
b7A

(S//OC/NF)

b1
b2 -1
b6 -5
b7C -5
b7E -1
b7A

(S//OC/NF) Accordingly, EOPS is issuing a National Security
Letter to ⬜ for electronic communication transactional
records associated with the ⬜
Specifically, EOPS is issuing a National Security Letter to

b1
b2 -1
b7E -1
b7A

SECRET NSL VIO-10730

(S)

SECRET
---- Working Copy ----                     Page     3

obtain subscriber information for the administrator(s) operating

b1
b2 -1
b7E -1
b7A

(U) ———————(S) This electronic communication documents the Deputy
General Counsel's National Security Law Branch approval and
certification of the enclosed NSL. For mandatory reporting
purposes, the enclosed NSL seeks subscriber/billing
records/electronic communication transactional records associated
with the following website:

b1
b2 -1
b7E -1
b7A

(S) ———————

        (U) On 10/17/2003, the Director designated the official
signing the enclosed letter as authorized to make the required
certification.

        (U) Arrangements should be made with the institution
receiving the enclosed letters to produce the records personally
to an employee of the [ ] Field Office. The institution should
neither send the records through the mail nor utilize the name of
the subject or any identifying information related to the subject
in any telephone calls to the FBI.  The institution should not
contact FBIHQ directly in any manner.

b2 -1
b7E -1

        (U)  The [ ] Field Office should remind the electronic
communications provider that it is prohibited from disclosing
that the FBI has made this request.

b2 -1
b7E -1

        (U) Any questions regarding the above can be directed to
FBIHQ, IA [                    ] or SSA [                    ]
[            ] Should the institution be unable to fully comply with
this request due to lack of specificity or should the institution require
more detailed information to locate such records, the
[        ] Field Office should contact IA [            ] or SSA [    ] for
additional information.
LEAD(s):

b2 -1,2
b6 -1
b7C -1
b7E -1

Set Lead 1: (Action)

        GENERAL COUNSEL

            AT WASHINGTON, DC

        (U) NSLB is requested to review and approve the
enclosed National Security Letter.


Set Lead 2: (Action)

[                ]

        AT [                    ]

b2 -1
b7E -1

(U) ———————(S) [            ] Deliver enclosed National Security
SECRET NSL VIO-10731