**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION,** )<br>　　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff,　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　　　　　　　　　) C.A. No. 07-656 (JDB)<br>　　　　　　　　　　　　　　　　　　　　　　　)<br>**DEPARTMENT OF JUSTICE,**　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendant.　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　　　) | |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Local Civl Rule 7(h) of the Rules of the United States District Court for the District of Columbia, Defendant United States Department of Justice (DOJ) hereby submits the following statement of material facts as to which the defendant contends there is no genuine issue in connection with its motion for summary judgment under Rule 56(b) of the Federal Rules of Civil Procedure.

　　　　1.　　In a letter dated March 12, 2007, plaintiff submitted a FOIA request to the Federal Bureau of Investigation (FBI) seeking information pertaining to the FBI's use of National Security Letters (NSLs). *See* Seventh Declaration of David M. Hardy ¶ 11 & Ex. A (Hereinafter "Seventh Hardy Decl."]¶ 11.  Specifically, the request sought disclosure of "agency records (including but not limited to electronic records) from January 1, 2003 to the present" regarding the following ten categories of NSL-related records:

　　　　　　　　1.　　All records discussing or reporting violations or potential violations of statutes, Attorney General guidelines, and internal FBI policies governing the use of NSLs, including, but not limited to:

　　　　　　　　　　　　a.　　Correspondence or communications between the FBI and the Privacy and Civil Liberties Oversight Board concerning violations or potential violations of statutes, Attorney General guidelines, and internal FBI policies governing the use of NSLs; and

   b. Correspondence or communications between the FBI and Department of Justice Office of the Inspector General concerning violations or potential violations of statutes, Attorney General guidelines, and internal FBI policies governing the use of NSLs;

2. Guidelines, memoranda or communications addressing or discussing the integration of NSL data into the FBI's Investigative Data Warehouse;

3. Contracts between the FBI and three telephone companies (as referenced in page 88 of the Inspector General's report), which were intended to allow the Counterterrorism Division to obtain telephone toll billing data from the communications industry as expeditiously as possible;

4. Any guidance, memoranda or communications discussing the FBI's legal authority to issue exigent letters to telecommunications companies, and the relationship between such exigent letters and the FBI's authority to issue NSLs under the Electronic Communications Privacy Act;

5. Any guidance, memoranda or communications discussing the application of the Fourth Amendment to NSLs issued under the Electronic Communications Privacy Act;

6. Any guidance, memoranda or communications interpreting "telephone toll billing information" in the context of the Electronic Communications Privacy Act;

7. Any guidance, memoranda or communications discussing the meaning of "electronic communication" in the context of the Electronic Communications Privacy Act;

8. Copies of sample or model exigent letters used by the FBI's Counterterrorism Division;

9. Copies of sample or model NSL approval requests used by the FBI's Counterterrorism Division; and

10. Records related to the Counterterrorism Division's Electronic Surveillance Operations and Sharing Unit (EOPS).

Seventh Hardy Decl., Ex. A.

2. By letter dated March 12, 2007, plaintiff also submitted a request to the DOJ Office of Public Affairs (OPA) for expedited processing of its FOIA request. Seventh Hardy Decl. ¶ 12 & Ex. B.

3. By letter dated March 29, 2007, the FBI acknowledged plaintiff's FOIA request and assigned it FOIPA Request No. 1073946. In addition, the FBI informed plaintiff that it was searching for the records requested and would inform plaintiff of the results "as soon as possible." Seventh Hardy Decl. ¶ 12. & Ex. C.

4. In a letter dated March 30, 2007, the FBI acknowledged plaintiff's request for expedited treatment of its FOIA request and advised plaintiff that the FBI had been notified by the Director of OPA that plaintiff's request for expedited processing was granted. Seventh Hardy Decl. ¶ 14 & Ex. D.

5. On April 10, 2007, plaintiff filed the complaint in this lawsuit [Dkt. No. 1], accompanied by a motion for preliminary injunction in which plaintiff asked the Court to order the FBI to complete its expedited processing of plaintiff's request within 20 days and to submit a *Vaughn* declaration ten days thereafter. [Dkt. No. 2].

6. After holding a status conference on May 21, 2007 and following the parties' submission of their respective proposed scheduling orders [Dkt. Nos. 9 & 10], on June 15, 2007, the Court issued an order granting in part and denying in part plaintiff's preliminary injunction motion and setting a FOIA production schedule that required the FBI to process 2500 pages per month on a rolling basis and provide the court with periodic updates on the status of the processing of plaintiff's FOIA request. [Dkt. No. 12.]

7.      The FBI conducted a standard search of its Central Records System (CRS) for documents responsive to the plaintiff's FOIA requests.  *See* Seventh Hardy Decl. ¶¶ 27-28. In addition, the FBI also conducted an individualized inquiry of the divisions within FBI Headquarters (FBIHQ) most likely to have potentially responsive records responsive to plaintiff's FOIA requests.  *See* Seventh Hardy Decl. ¶ 29.

8.      Pursuant to the June 15, 2007 Order (and subsequent modifications of the schedule by Court order), the FBI made its first release of documents to plaintiff on July 5, 2007, followed by 15 subsequent releases of documents on a monthly basis, releasing approximately 2500 pages each month ,with the latest release made on October 6, 2008.  Seventh Hardy Decl. ¶ 16, n.6, & Exs. E - T.  The FBI also provided the Court with status reports and declarations every 120 days detailing the status of the ongoing process of plaintiff's FOIA request.  *See* Second Declaration of David M. Hardy, dated May 25, 2007 [Dkt. No. 9-2], Third Declaration of David M. Hardy, dated June 27, 2007 [Dkt. No. 13-3], Fourth Declaration of David M. Hardy, dated August 14, 2007 [Dkt. No. 14-1], Fifth Declaration of David M. Hardy, dated December 21, 2007 [Dkt. No. 19], Sixth Declaration of David M. Hardy, dated April 16, 2008 [Dkt. No. 20-1].

9.      By letter dated December 5, 2008, pursuant to the Court's Order of July 1, 2008, the FBI provided plaintiff with an electronic copy of the previously processed and released pages.  *See* Seventh Hardy Decl. ¶ 17 & Ex. U.  A total of approximately 39,206 pages had been determined by the FBI to be responsive to plaintiff's request, and, of those, approximately 27,995 pages were released to plaintiff, either full or in part, or were withheld in full pursuant to applicable FOIA exemptions.  *See* Seventh Hardy Decl. ¶¶ 29-30.  Because some pages were withheld in full pursuant to applicable FOIA exemptions, the total number of pages released to plaintiff, in whole or in part, was 26,666.  Seventh Hardy Decl. ¶ 29.  Of the remaining 11,211

pages processed, 8092 were withheld in full and not released to plaintiffs because they were found to be duplicates of other documents within the 27,995 pages, 2525 pages were withheld as being outside the scope of plaintiff's request, and 594 pages were directly referred to other government agencies for direct response to plaintiff. Seventh Hardy Decl. ¶¶ 29-30 & n. 8.

10.     By Order of July 30, 2009, the Court ordered the parties to jointly select a total of 400 pages to be used as a representative sample of the "approximately 40,000 pages of records at issue in this case" for purposes of a *Vaughn* index or declaration. *See* Order of July 30, 2009 [Dkt. No. 34.] Specifically, the Court ordered DOJ to select 300 pages and plaintiff to select 100 pages of a 400 page sample. The Court specified that, for each party's selected pages, "the sample must be representative of the approximately 40,000 pages of records at issue in this case. Hence all relevant document categories and FOIA exemptions should be included in the sample and in roughly the same proportion as would be found in the complete set of responsive documents." Order of July 30, 2009.

11.     By letter dated September 30, 2009, defendant notified plaintiff of its selection of 314 pages to be used as part of the sample for purposes of the *Vaughn* declaration and provided plaintiff with a description of those pages, pursuant to the Court's Order of July 30, 2009. Seventh Hardy Decl. ¶ 18 & Ex. V.[1]

12.     By letter dated October 16, 2009, defendant notified plaintiff that 317 pages had inadvertently not been Bates-stamped prior to their release on December 5, 2008, and provided plaintiff with Bates-stamped copies of those previously-released pages. Seventh Hardy Decl. ¶ 19 & Ex. W.

---

[1] As explained in the accompanying declaration, the FBI subsequently added one page to its portion of the sample, resulting in a total of 315 pages selected by the FBI. *See* Seventh Hardy Decl. at 15 n. 9.

12.    By e-mail dated October 29, 2009, plaintiff notified defendant of its selection of 100 pages to be used as part of the *Vaughn* sample.  Seventh Hardy Decl. ¶ 20 & Ex. X.

13.    Of the 39,206 pages of responsive documents processed by the FBI, 27,995 pages were either released in full or withheld in full or in part pursuant to applicable FOIA exemptions, 5 U.S.C. § 552(b)(1), (b)(2), (b)(3), (b)(5), (b)(6), (b)(7)(A), (b)(7)(C), (b)(7)(D), and (b)(7)(E). Seventh Hardy Decl. ¶¶ 29-30 & n. 8.

14.    In order to ensure that the portion of the sample selected by DOJ was representative of both each applicable FOIA exemption and the categories of plaintiff's request, as required by the Court's Order of July 30, 1009, the FBI determined as follows: Out of 27,995 pages described in paragraph 13, above,  94.83% were responsive to Category A of plaintiff's request, 0.16% were responsive to category B, 0.09% were responsive to category E, 1.17% were responsive to category F, 1.29% were responsive to category G, 0.19% were responsive to category E, 1.17% were responsive to category F, 1.29% were responsive to category G, 01.19% were responsive to category H, 0.96% were responsive to category I, and 0.09% were responsive to category J.  *See* Seventh Hardy Decl. ¶ 30.  With respect to representation of the FOIA exemptions throughout the 27,995 pages, the FBI determined as follows: 50.52% contained information withheld pursuant to Exemption (b)(1), 75.55% contained information withheld pursuant to Exemption (b)(2), 0.13% contained information withheld pursuant to Exemption (b)(3), 23.93% contained information withheld pursuant to Exemption (b)(4), 19.37% contained information withheld pursuant to Exemption (b)(5), 77.24% contained information withheld pursuant to (b)(6), 33.80% contained information withheld pursuant to Exemption (B)(7)(A), 77.22% contained information withheld pursuant to Exemption (B)(7)(C), 26.43% contained

information withheld pursuant to Exemption (b)(7)(D), and 63.84% contained information withheld pursuant to Exemption (b)(7)(E).  Seventh Hardy Decl. ¶ 30.

15. In light of the frequency with which multiple exemptions appeared on a single page, the FBI had to select 315 pages instead of the court-ordered 300 pages in order to ensure that the sample adequately represented the categories and the exemptions at the frequency with which they appear in the entire collection.  Seventh Hardy Decl. ¶ 30.  As a result, the categories and exemptions are represented in the following manner: 293 pages in the sample are responsive to category A, two (2) pages are responsive to category B, one (1) page is responsive to category C, 11 pages are responsive to category D, four (4) pages are responsive to category E, six (6) pages are responsive to category F, five (5) pages are responsive to category G, one (1) page is responsive to category H, five (5) pages are responsive to category I, and three (3) pages are responsive to category J.  As for the asserted exemptions, 172 pages contain Exemption (b)(1), 266 pages contain Exemption (b)(2), one (1) page contains Exemption (b)(3), 120 pages contain Exemption (b)(4), 64 pages contain Exemption (b)(5), 239 pages contain Exemption (b)(6), 101 pages contain Exemption (b)(7)(A), 232 pages contain Exemption (b)(7)(C), 127 pages contain Exemption (b)(7)(D), and 121 pages contain Exemption (b)(7)(E).  Seventh Hardy Decl. ¶ 30. [2]

16. In the course of preparing its *Vaughn* declaration, the FBI determined that some additional information could be released on some of the pages within the sample.  The following pages, which are included among the sample pages attached to the Seventh Hardy Declaration as Exhibit Y, contain this additional material: NSL VIO-298, 401, 600, 799, 899, 997, 1301, 1401,

---

[2] The 100 pages of the 415-page sample that were selected by plaintiff are, pursuant to the Court's July 30, 2009 Order, required to be similarly representative. The Seventh Declaration of David M. Hardy addresses the exemptions applied throughout the 415 page sample.

1600, 1601, 1700, 1800, 2401, 2405, 2410, 18651, 20474, 20475, 20724, 20725, 23443, 23447, 23450, 23454, 36331, 36805, 36811, 36814-15.  *See* Seventh Hardy Decl. at 14-15 n. 9; 34 nn. 25-26; 47 n. 46 & Ex. Y.

17. The attached Seventh Declaration of David M. Hardy provides a detailed explanation of the documents at issue in this case that defendant withheld in full or in part, pursuant to appropriate FOIA exemptions, in response to plaintiff's FOIA request.

Dated: December 24, 2009                                  Respectfully submitted,

                                                          TONY WEST
                                                          Assistant Attorney General

                                                          CHANNING D. PHILLIPS
                                                          Acting United States Attorney

                                                          ELIZABETH J. SHAPIRO
                                                          Deputy Director

                                                          ____/s Elisabeth Layton_____
                                                          ELISABETH LAYTON
                                                          D.C. Bar No. 462227
                                                          Trial Attorney
                                                          United States Department of Justice
                                                          Civil Division, Federal Programs Branch
                                                          20 Massachusetts Avenue, N.W.
                                                          Washington, DC  20530
                                                          Tel: (202) 514-3489
                                                          Fax: (202) 616-8470

                                                          *Attorneys for Defendant*