IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>DEPARTMENT OF JUSTICE, )<br>)<br>Defendant. )<br>_____ ) | C.A. No. 07-0656 (JDB) |

**MEMORANDUM IN PARTIAL OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S CROSS-
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Electronic Frontier Foundation ("EFF") brought this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking disclosure of agency records maintained by the Federal Bureau of Investigation ("FBI") concerning the Bureau's use of National Security Letters, including "[a]ll records discussing or reporting violations or potential violations of statutes, Attorney General guidelines, and internal FBI policies governing the use of NSLs . . . ." Complaint for Injunctive and Declaratory Relief (Dkt. No. 1), ¶ 10. On December 24, 2009, defendant Department of Justice ("DOJ") moved for summary judgment (Dkt. No. 40), asserting that the FBI properly withheld responsive information pursuant to FOIA Exemptions 1, 2, 3, 4, 5, 6, 7(A), 7(C), 7(D), and 7(E). With the exception of the specific invocation of Exemption 2 discussed below, EFF does not oppose the government's motion. EFF does oppose defendant's motion with respect to the FBI's continued withholding of Intelligence Oversight Board Case Numbers under Exemption 2, and cross-moves for partial summary judgment on that issue.

**Background**

The FBI has for many years possessed a limited power in certain investigations to issue National Security Letters ("NSLs"), which are demands for customer account information and transactional records from third parties such as telephone companies, Internet service providers, financial institutions, and consumer credit agencies. *See* Right to Financial Privacy Act, 12 U.S.C. § 3414(a)(5); Fair Credit Reporting Act, 15 U.S.C. §§ 1681u, 1681v; Electronic Communications Privacy Act, 18 U.S.C. § 2709; National Security Act, 50 U.S.C. § 436. Signed into law shortly after the 9/11 terrorist attacks, the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001 ("PATRIOT Act") substantially expanded the FBI's preexisting legal authority to collect third-party records through NSLs. Pub. L. No. 107-56, 115 Stat. 272, §505 (2001). The NSL provision is one of the more contentious aspects of a divisive statute; as this Court has noted, "[e]ver since it was proposed, the Patriot Act has engendered controversy and debate." *American Civil Liberties Union v. Dep't of Justice*, 265 F. Supp. 2d 20, 24 (D.D.C. 2003).

Reflecting Congress's concern about the potential abuse of enhanced post-9/11 investigative powers, the USA PATRIOT Improvement and Reauthorization Act of 2005, Pub. L. No. 109-177, § 119, directed the DOJ's Office of the Inspector General ("OIG") to review "the effectiveness and use, including any improper or illegal use, of national security letters issued by the Department of Justice." Pursuant to this directive, the OIG publicly released a 126-page report on March 9, 2007, which found extensive misuse of

NSL authority in a sample of four FBI field offices during calendar years 2003-2005.[1]
Three days later, on March 12, 2007, EFF submitted the FOIA request that forms the basis of this lawsuit.

On March 13, 2008, DOJ's Inspector General issued a second report[2] on NSLs, and just last week – on January 19, 2010 – the Inspector General released a third report detailing serious abuses in the FBI's use of its authority to obtain telephone records.[3]  The recent OIG report discusses, *inter alia*, the FBI's internal process for making reports to the Intelligence Oversight Board ("IOB").  *See*, *e.g.*, OIG Telephone Record report at 187-190.  The report notes that FBI policy requires Bureau personnel to report "possible Intelligence Oversight Board violations" within 14 days of discovery and that, pursuant to Excutive Order 12863, "possible intelligence violations include any activities that 'may be unlawful or contrary to Executive Order or Presidential Directive.'"  *Id.* at 187.

## Procedural History

EFF does not dispute the procedural history set forth in defendant's statement of material facts, which defendant incorporates into its memorandum in support of its motion.  Defendant's Memorandum and Authorities in Support of Motion for Summary

---

[1] U.S. Dep't of Justice Office of the Inspector General, A Review of the Federal Bureau of Investigation's Use of National Security Letters (March 2007), available at http://www.usdoj.gov/oig/special/s0703b/final.pdf.

[2] U.S. Dep't of Justice Office of the Inspector General, A Review of the FBI's Use of National Security Letters: Assessment of Corrective Actions and Examination of NSL Usage in 2006, Special Report (March 2008), available at http://www.justice.gov/oig/special/s0803b/final.pdf.

[3] U.S. Dep't of Justice Office of the Inspector General, A Review of the Federal Bureau of Investigation's Use of Exigent Letters and Other Informal Requests for Telephone Records (January 2010) ("OIG Telephone Record report"), available at http://www.justice.gov/oig/special/s1001r.pdf.

Judgment ("Def. Mem.") at 2. EFF only wishes to emphasize that, by Order dated July 30, 2009 (Dkt. No. 34), the Court directed the parties to designate documents to be included in a "[representative] sample for purposes of a *Vaughn* index or declaration," and that the resulting representative sample forms the basis for defendant's summary judgment motion. *See* Seventh Declaration of David M. Hardy (filed in support of defendant's motion), ¶¶ 5&6.

## Argument

As noted, EFF opposes defendant DOJ's motion only to the extent that the FBI implicitly asks the Court to sustain its continued withholding of IOB case numbers that are included on many of the responsive records at issue in this case. Defendant states that the FBI has "withdrawn" its basis for withholding those numbers:

> The assertion of Exemption (b)(2), which had previously been applied to withhold Intelligence Oversight Board ("IOB") Case Numbers has now been withdrawn. This change applies to [pages designated as] NSL VIO – 298, 401, 497, 600, 799, 1301, 1401, 1600, 1800, 23443, 23447, 23450, 23454, 36805, 36811, and 36814-36815, all of which are included in Exhibit Y [to the seventh Hardy Declaration]."

Def. Mem. at 17, n.12. The 20 pages of material to which defendant DOJ asserts "this change applies" are all contained in the representative sample of documents designated by the parties. *Compare* page numbers listed above *with* Exhibit V (filed in support of defendant's motion) (list of page numbers included in the sample selected by defendant). The FBI's decision to "withdraw[]" its assertion of Exemption 2, which the agency asserts "had previously been applied to withhold [IOB] Case Numbers," has not resulted in the disclosure of the case numbers redacted from any responsive pages that were *not* included in the 415-page sample. *See, e.g.*, Exhibit A, attached hereto (examples of non-sample pages from which IOB case numbers have been redacted).

4

As the D.C. Circuit has noted,

> Sampling procedures have been held to be "appropriately employed, where as here the number of documents is excessive and it would not realistically be possible to review each and every one." Upon examining the sample, a court is then able "to extrapolate its conclusions from the representative sample to the larger group of withheld materials."

*Meeropol v. Meese*, 790 F.2d 942, 958 (D.C. Cir. 1986) (citations omitted). It is thus logical to conclude that "documents [that are] part of a representative sample . . . count not simply for themselves, but for presumably similar non-sample documents still withheld." *Bonner v. Dep't of State*, 928 F.2d 1148, 1152 (D.C. Cir. 1991). Applying those principles here, it is clear that the FBI's decision to "withdraw" its invocation of Exemption 2 to withhold IOB case numbers cannot be limited to only those documents contained in the representative sample, but rather must be applied to *all* responsive records from which IOB case numbers have been redacted.

## Conclusion

In light of the FBI's decision to "withdraw" its assertion of Exemption 2 to the extent that it "had previously been applied to withhold [IOB] Case Numbers," the Court should deny defendant's motion for summary judgment with respect to the continued withholding of such case numbers, and grant EFF's cross-motion for partial summary judgment. Defendant should be ordered to disclose *all* IOB case numbers that the FBI has redacted from *all* responsive records at issue in this case.

Respectfully submitted,

*/s/ David L. Sobel*
DAVID L. SOBEL
D.C. Bar No. 360418
Electronic Frontier Foundation

5

1818 N Street, N.W., Suite 410
Washington, DC 20036
(202) 797-9009

MARCIA HOFMANN
D.C. Bar No. 484136
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333

Counsel for Plaintiff